### BENJAMIN LE MERE *vs.* THOMAS McHALE.

### May 11, 1883.

**Witness Fees—Experts—Discretion of Court.**—Gen. St. 1878, c. 70, § 8, provides " that the judge of any court of record in this state, before whom any witness is summoned or sworn and examined as an expert in any profession or calling, *may, in his discretion,* allow such fees or compensation as, in his judgment, may be just and reasonable." *Held,* that the matter of making such allowance being left to the discretion of the trial judge, this court will not reverse an order refusing such allowance, unless, perhaps, where there has been a palpably-gross abuse of such discretion.

**Same—What Witnesses are entitled to Fees as Experts, under the Statute.**—This statute was designed to apply to cases where witnesses are called to testify to an opinion founded on special study or experience in any profession or calling, or to make scientific or professional examination of some matter connected with the issues in the case, and then state the results, and not to cases where a witness is called upon to testify as to facts connected with the case, which have come to his personal knowledge while engaged in the ordinary practice of his profession, although his professional skill may have enabled him to observe such facts more intelligently.

This action was brought in the district court for Washington county, to recover damages for assault and battery. The application of plaintiff for an allowance for "expert fees" having been denied by *McCluer,* J., the plaintiff appealed; and the parties to the action entered into a stipulation that the appeal be heard without further

notice, waiving bond and security. The case containing the evidence does not appear to have been settled and allowed by the court below.

*Gregory & Lee,* for appellant.

*J. N. & I. W. Castle,* for respondent.

MITCHELL, J. Gen. St. 1878, c. 70, § 8, provides "that the judge of any court of record in this state, before whom any witness is summoned, or sworn and examined, as an expert in any profession or calling, may, in his discretion, allow such fees or compensation as, in his judgment, may be just and reasonable." It was evidently designed to leave the matter of allowing or disallowing extra compensation to expert witnesses wholly to the discretion of the trial judge. Hence, if there could be any case in which we would feel warranted in reversing an order refusing such allowance, it would at most only be one where there had been a most palpable and gross abuse of discretion. In the present case there was not only no such abuse of discretion, but, on the contrary, the action of the learned judge in refusing to make an allowance was eminently proper.

An expert is a person selected by the court or the parties in a cause, on account of his knowledge or skill, to examine, estimate, and ascertain things, and make a report of his opinion, or a witness who is admitted to testify from a peculiar knowledge of some art or science, a knowledge of which is requisite or of value in settling the point in issue. Such persons are liable to be called as witnesses in any cause in which any question in their department of knowledge is to be solved, although they have no actual personal knowledge of the facts in that particular case. The most eminent persons in any skilled or learned calling or profession might be frequently compelled, merely for ordinary witness fees, to attend in the remotest part of the state, and give their opinion in every trial in which a question in their department of knowledge should arise. This would impose upon them a burden greater than that imposed upon ordinary witnesses, who are only called upon in cases where they have personal knowledge of the facts involved in those particular cases.

We think this statute was designed to apply only to such cases,—

that is, where witnesses are called to testify to an opinion founded on special study or experience in any profession or calling, or to make scientific or professional examinations of some matter connected with the issues involved in the case, and then state the results,—and not to cases where a witness, skilled in some profession or calling, is called upon to testify as to facts within his personal knowledge, although he may have acquired his knowledge of the facts while in the ordinary practice of his profession, and although his professional skill may have enabled him to observe such facts more intelligently and narrate them more correctly. In respect to facts within his knowledge, there is no reason why a professional man should not stand upon an equality with any other witness, when called upon to testify to what he has seen or personally knows about the facts of a particular case. He is only performing a duty which every other citizen is required to do, and is not, in our opinion, "summoned or sworn and examined as an expert," within the meaning of the statute.

The witnesses in the present case were of this class. They had been employed professionally by plaintiff to attend upon him as physicians. While thus attending upon him, in the ordinary practice of their profession, they saw his injuries, and acquired actual personal knowledge of the facts as to their nature and extent. They were called as witnesses to testify as to the physical facts thus falling under their observation. It is true that, after testifying to these facts, they were asked for and gave their professional opinion in reference to the probable effect upon plaintiff of the injuries, the extent and nature of which had come to their knowledge while attending their patient in the ordinary pursuit of their calling. We are not prepared to say that this might not bring them technically within the letter of the statute, but it certainly did not, under the facts of this case, bring them within its spirit, and furnished no good reason or allowing them extra compensation.

This appeal comes up very informally, and the fact that we have entertained it must not be deemed a precedent that will be followed in the future.

Order affirmed.