## RICHTER et al. v. MAGONE, Collector.

*(Circuit Court, S. D. New York. October 31, 1889.)*

COSTS—WHO MAY RECOVER—REMOVAL OF CAUSE.
  In an action for the recovery of excessive customs duties illegally exacted, which is brought in a New York state court and removed into a United States circuit court of that state by the defendant, and in which the plaintiffs recover less than $50, neither the plaintiffs nor the defendant is entitled to costs.

Appeal from Taxation of Costs.

This action was brought on August 29, 1888, in the superior court of the city of New York, to recover, with interest, the sum of $300, claimed to have been illegally exacted as excessive customs duties of the plaintiffs by the defendant as collector of customs, was removed on September 13, 1888, by the defendant by a writ of *certiorari*, from the said superior court into the United States circuit court for the southern district of New York, and on May 21 and 22, 1889, was tried in the last-mentioned court, and a verdict rendered therein for the plaintiffs in the sum of 22 cents. Thereafter both the plaintiffs and the defendant presented bills of costs for taxation by the clerk of the United States circuit court, the plaintiffs claiming that, as they were the prevailing parties, they were entitled to costs; and the defendant claiming that, as no United States statute determined whether the plaintiffs or the defendant was entitled to costs, he was, under the state statutes which give costs to the defendant when the plaintiff in actions like this action recovers less than $50, entitled to costs. The clerk refused to tax the defendant's bill, but taxed the plaintiffs' bill. The defendant thereupon appealed to the court.

*Stephen A. Walker*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for appellant, contended:

(1) At common law, neither party was entitled to costs. *Coggill* v. *Lawrence*, 2 Blatchf. 305; *Kneass* v. *Bank*, 4 Wash. C. C. 106; *Ethridge* v. *Jackson*, 2 Sawy. 598.

(2) First, before the passage of the act of February 26, 1853, *infra*. Section 20, Act Sept. 24, 1789, (1 U. S. St. at Large, p. 83,) provided "that where, in a circuit court, a plaintiff in an action, originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, or a libelant, upon his own appeal, less than the sum or value of three hundred dollars, he should not be allowed, but, at the discretion of the court, may be adjudged to pay, costs." In the case of suits against any officer of the United States or other person, for or on account of any act done under the revenue laws of the United States, it was provided by section 3 of the act of March, 1833, (4 U. S. St. at Large, 633,) that such suit might be removed to the United States circuit court. The amount to be involved in such suit to entitle the defendant to such removal was not specified. That act provided that, after certain steps had been taken, the cause should thereupon be entered on the docket of said court, and should be thereafter proceeded in as a cause originally commenced in that court. No provision can be found in any statute that expressly gives costs to either party in such suit as last mentioned. Section 34 of the act of September 24, 1789, (1 U. S. St. at Large, p. 92,) provided "that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall

otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply." While these laws were in force, and in 1824, 1846, and 1851, respectively, the cases of *Ellis* v. *Jarvis*, 3 Mason, 457, and *Hathaway* v. *Roach*, 2 Woodb. & M. 63, and *Coggill* v. *Lawrence*, 2 Blatchf. 304, were decided, all of which cases (with the exception of the case of *Coggill* v. *Lawrence*, which is apparently overruled by those of *Field* v. *Schell*, 4 Blatchf. 435, and *Scripps* v. *Campbell*, 22 Int. Rev. Rec. 250) hold that, when not provided for by the United States statutes, the right of parties to costs in the United States courts are determined by the laws of the states.

(3) After the passage of the act of February 26, 1853, *infra*, and before the passage of the Revised Statutes, the laws already cited being still in force. Section 1 of the act of February 26, 1853, (10 U. S. St. 161,) provided "that, in lieu of the compensation now allowed by law to attorneys, solicitors, and proctors in United States courts to United States attorneys, clerks of the district and circuit courts, marshals, witnesses, jurors, commissioners, and printers, in the several states, the following and no other compensation shall be taxed and allowed," etc. Then follows a list of fees, etc. Section 3 of the same act provides that "the bill of fees of clerk, marshal, and attorneys, and the amount paid printers and witnesses, and lawful fees for exemplification and copies of papers necessarily obtained for use on trial in cases where, by law, costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. The case of *Field* v. *Schell*, 4 Blatchf. 435, decided after the passage of the act of 1853, and in 1860, holds that in a suit commenced in a state court, and removed to a United States circuit court, if it be a suit in which the plaintiff would have recovered costs in the state court, if the suit had not been removed, he is entitled to recover costs in the circuit court, although, if the suit had been originally brought in that court, he would have recovered no costs.

(4) After the passage of the act of June 1, 1872, *infra*, and before the passage of the Revised Statutes, the laws already cited being still in force. Section 5 of the act of June 1, 1872, (17 U. S. St. 197,) provided "that the practice, pleadings, and forms, and modes of proceeding, in other than equity and admiralty causes in the circuit and district courts of the United States, shall conform, as near as may be, to the practice, pleadings, and forms, and modes of proceedings existing at the time in like causes in the courts of record in the state within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding." In the case of *Ethridge* v. *Jackson*, 2 Sawy. 598, brought in a state court, and removed to a United States circuit court, and decided after the passage of the act of 1872, and on March 31, 1874, the court, though the state laws on the recovery by the plaintiffs of a like amount to that recovered by the plaintiff in this case gave costs to the defendant, held that neither plaintiff nor defendant was entitled to costs.

(5) Since the passage of the Revised Statutes, June 22, 1874. Section 968 of the Revised Statutes (section 20, Act Sept. 24, 1789, as re-enacted) provides that "when, in a circuit court, a plaintiff in an action at law originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value, or a libelant, upon his own appeal, recovers less than the sum or value of three hundred dollars, exclusive of costs, he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs." Section 643 of the Revised Statutes, (section 3, Act March, 1833, *supra*, as re-enacted,) as to removals to the United States circuit courts of suits against a collector in a state court, provides, as did said

section 3, Act March, 1833, that upon such removal the cause shall thereupon be entered upon the dockets of the circuit court, and shall proceed as a cause originally commenced in that court. Section 721 of the Revised Statutes is section 34 of the judiciary act passed September 24, 1789, *supra*, reenacted with one or two verbal changes, but without change of meaning. Section 823 of the Revised Statutes (section 1, Act Feb. 1853, *supra*, as reenacted) provides that "the following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several states and territories, except in cases otherwise expressly provided by law," etc. Section 983 of the Revised Statutes (section 3, Act Feb. 26, 1853, *supra*) provides that "the bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party." There is no law in the United States Revised Statutes, or any subsequent United States statute, that specifies any case "where, by law, costs are recoverable in favor of the prevailing party." Section 914 of the Revised Statutes, (section 5, Act June 1, 1872, *supra*,) as re-enacted, provides that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which said circuit or district courts are held, any rule of the court to the contrary notwithstanding." Neither the Revised Statutes, nor any subsequent United States statute, determines whether the plaintiff or the defendant, in a case like the one at bar, is entitled to costs. The cases of *Scripps* v. *Campbell*, 22 Int. Rev. Rec. 250, and *Howard* v. *American Dairy & C. Co.*, 10 Chi. Leg. News, 22, 6 Amer. Law Rec. 193, decided after the passage of the United States Revised Statutes, and in 1876 and 1877, respectively held that, in a case like the one at bar, the state law governs as to which party shall recover costs. There is nothing inconsistent with these cases in *Kreager* v. *Judd*, 5 Fed. Rep. 27; and, if there be in *U. S.* v. *Treadwell*, 15 Fed. Rep. 532, that case to that extent is overruled by that of *Pentlarge* v. *Kirby*, 20 Fed. Rep. 898.

(6) The New York state law (section 3228, subd. 4, Code Civil Proc. N. Y.) provides that, in actions of the nature of the one at bar, the plaintiff shall not recover costs in an action for the recovery of money, unless the plaintiff recovers $50. Section 3229 provides that costs shall be allowed of course to the defendant in such action, unless the plaintiff be entitled to costs therein.

(7) The taxation of the plaintiffs' bill of costs should be disallowed, and the defendant's bill taxed.

*Comstock & Brown*, for appellees, contended:

(1) Rev. St. U. S. §§ 823, 824, prescribe the sums taxable. Their language is clear and concise, giving the prescribed sums "on a trial before a jury in civil * * * causes," "except in cases otherwise expressly provided by law." They require that said sums "shall be taxed and allowed." Section 983 requires that the costs, etc., provided by law, shall be taxed by the prevailing against the losing party. Were there no judicial rulings upon these provisions, there would, we think, be no doubt possible as to plaintiffs' right to costs. They are precisely within the statutes, at every point.

(2) Defendant cites section 914 of the Revised Statutes, to the effect that state practice shall be followed with circuit and district courts. "as near as

may be," and the fact that, on a like judgment in the courts of this state, no costs would be allowed to plaintiffs. In answer, we need only point out that the state practice cannot be followed, when such action would involve the ignoring of an express statutory provision, mandatory in its terms, of which it has been said: "The courts have no discretion but to apply this statute, and that without liberality of intendment." *Stimpson* v. *Brooks*, 3 Blatchf. 456.

(3) Two cases have been decided by the judges in this circuit, upon the provisions on which plaintiffs rely. Judge BROWN rules, in *U. S.* v. *Treadwell*, 15 Fed. Rep. 532, that sections 823 and 824, Rev. St., are mandatory, and supersede all earlier provisions of statute as to costs, and that section 914 has no scope upon any question of costs covered by sections 823, 824. On the later case of *Pentlarge* v. *Kirby*, 20 Fed. Rep. 898, defendant seems chiefly to rely. The main question presented in that case was whether costs not otherwise taxable, in an action dismissed for want of jurisdiction, must be allowed on account of sections 823, 824. Judge WALLACE considers that the *Treadwell Case*, if sustained, requires such allowance, and distinctly in that view he disapproves the conclusions of Judge BROWN. On the other hand, he fully indorses the proposition made in the *Treadwell Case*, that section 914 has no application to any question of costs in the class of cases referred to in sections 823, 824.

(4) But the essential difference lies herein: In *Pentlarge* v. *Kirby* the common law would have given no costs. In *U. S.* v. *Treadwell*, and in this action, it would have given them. The United States supreme court has expressly declared, in *Railway Co.* v. *Swan*, 4 Sup. Ct. Rep. 510, (quoted by Judge WALLACE in *Pentlarge* v. *Kirby*,) that by common law costs are to the prevailing party, the exception being that, where there is no jurisdiction, the case must be dismissed, and costs cannot be given wherein judgment cannot be given. No statute is cited by defendant as overriding this common law, except section 914, Rev. St., and both the cases in this circuit, above cited, unite in holding that said section has no application to the present case. Plaintiffs are therefore entitled to tax their costs.

LACOMBE, Circuit Judge. The taxation in favor of the plaintiffs is disallowed. The defendant's motion to require costs to be taxed in his favor is denied. See *Ethridge* v. *Jackson*, 2 Sawy. 598.

---

## LINDVALL *v.* WOODS *et al.*[1]

*(Circuit Court, D. Minnesota. July 7, 1890.)*

**JUDGMENT OF DISMISSAL—RES ADJUDICATA.**
 Dismissal by the trial court at the end of plaintiff's case on the ground that plaintiff's testimony failed to show his right to recover, and a subsequent appeal to the supreme court of the state and an affirmance by that court, is not an adjudication on the merits that can be pleaded in bar when an action on the same wrong is commenced in the federal courts.

At Law.
*Arctander & Arctander*, for plaintiff.
*Shaw & Gray*, for defendants.

[1] Affirmed on appeal to the circuit court of appeals, see 48 Fed. Rep. 62.