HITE *v.* RAYBURN.

*(Nashville.* December Term, 1904.)

1. **APPEAL BOND.** Surety on, liable for costs adjudged against principal to amount of bond.

A surety on an appeal bond in a case appealed from a justice of the peace to the circuit court is bound for all costs that may, at any time in the progress of the cause, be adjudged against his principal, to the extent of the penalty of the bond, but for no greater amount.

Code cited and construed: Sec. 4935 (S.); sec. 3918 (M. & V.); sec. 3196a (T. & S.).

2. **COSTS.** In cases not controlled by statute may be equitably apportioned by court.

In the cases specially provided for in part 3, title 1, chap. 15, art. 2, of Shannon's Code, the costs must be taxed as there laid down; but in cases not otherwise provided for in said article, the court may, under sections 4961, 4962 thereof, make an equitable and fair distribution of costs between the respective parties.

Code cited and construed: Secs. 4938-4962 (S.); secs. 3921-3945 (M. & V.); secs. 3197-3220 (T. & S. and 1858).

Cases cited and approved: Schoonover v. Stillman, 3 Shann. Tenn. Cas., 574; Justices of Greene Co. v. Graham, 6 Baxt., 77.

3. **SAME.** Same. Case in judgment.

The defendant below had a perfect defense under the statute of limitations, which he pleaded and relied upon, but instead of being content with this, went outside of the issue and introduced papers into the record that had no real bearing upon the controversy.

Hite v. Rayburn.

*Held:* That these papers bear such a proportion in bulk to the entire record that he should be taxed with one-half of all the costs of the supreme court and the court below.

See citations under headnote 2.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County.—LYTTON TAYLOR, Special Judge.

PARKS & BELL, for Hite.

WALTER STOKES, for Rayburn.

MR. JUSTICE NEIL delivered the opinion of the Court.

This case was before us at a former day of the term, and was then considered and disposed of on the merits of the controversy. It is now before us again on the question of costs.

1. We are of the opinion that the surety on the appeal bond executed before the justice of the peace for appeal to the circuit court was bound for all of the costs that might at any time during the progress of the cause be adjudged against his principal, to the extent of the penalty of the bond, but for no larger amount. Shannon's Code, section 4935.

2.   We are of the opinion that the costs of this court and the court below should be equally divided.

The general rule is that, in a case at law, costs follow the judgment.   Shannon's Code, section 4938.   But in section 4961 it is provided: "The law of costs shall be construed remedially and not as the penal law."   And by section 4962 it is provided: "If any case shall occur not directly or by fair implication embraced in the express provisions of the law, the court may make such disposition of the costs as, in its sound discretion, may seem right."

Under the latter section, the court divided the costs in the case of *Schoonover* v. *Stillman,* 3 Tenn. Cas., 574. In that case Stillman properly recovered on several notes, but improperly upon one; all having been sued upon in the same action.   In this court it was held that the judgment should be reversed unless Stillman would remit the amount recovered by him upon the latter note. He did remit, and thereupon this court divided the costs of appeal.   In *Justices of Greene County* v. *Graham,* 6 Baxt., 77, 82, the successful party was, under the section last above quoted, taxed with the costs of witnesses which he offered to produce to prove facts already established by the testimony of other witnesses, and called at his instance, and whose examination the court for this reason declined to hear.   In this latter case the court said: "We do not find that this state of facts is provided for, either expressly or by fair implication, and

114 Tenn—30

hence that it belongs to the class of cases which by section 3220 (Shannon's Code, section 4962) of the Code are to be disposed of by the court in its sound discretion. The judge has exercised his discretion in taxing the costs of the five witnesses to the plaintiffs, and we cannot say that his discretion was not properly exercised."

Of course, in the cases specially provided for under the sections of the Code embraced in the article referred to (article 2 of chapter 15, tit. 1, pt. 3, of the Code),the costs must be taxed as there laid down; but sections 4961 and 4962 recognize the fact that cases may arise, other than those in terms provided for, wherein the guiding principle should be an equitable and fair distribution of the burdens of the litigation between the respective parties.

In the present case the defendant below had a perfect defense under the statute of limitations of six years, which he pleaded and was relying upon. Instead of being content with this, he went outside of the issue, and introduced papers into the record which had no real bearing upon the controversy. These papers bear such proportion in bulk to the entire record as that we think a fair disposition of the matter would require that the plaintiff in error should be taxed with half of all the costs both of this court and the court below.