ANDREW S. ANDERSON v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 24, 1908.

Nos. 15,406—(174).

**Witness Fee—Expert.**

Physicians and surgeons who testify as witnesses concerning facts coming under their observation while professionally attending a patient, and express opinions with reference thereto, are not necessarily entitled to compensation as expert witnesses.

**Disqualification of Expert.**

But, where physicians and surgeons are engaged to treat and examine an injured person for the purpose of acquiring the knowledge necessary to qualify them as expert witnesses, they are not necessarily disqualified as such by the fact that they also treated the patient professionally. Le Mere v. McHale, 30 Minn. 410, distinguished.

Action in the district court for Grant county to recover $25,000 damages for personal injuries sustained by plaintiff while a passenger on defendant's train. The case was tried before Flaherty, J., and a jury which found a verdict in favor of plaintiff for $5,750. From the judgment entered thereon and from an order granting a motion to fix the fees of certain medical witnesses, defendant appealed. Affirmed.

*Alfred H. Bright,* for appellant.

*F. W. Murphy* and *F. C. Anderson,* for respondent.

LEWIS, J.

This was an action to recover damages for injuries sustained by respondent in a collision which occurred on appellant's railway. Respondent recovered a verdict. Respondent made application to the trial court upon proper notice for the allowance of witness fees of certain physicians claimed to have been called as experts at the trial. This appeal involves the single question whether the court was in error in allowing the witnesses expert fees.

[1] Reported in 114 N. W. 744.

At the hearing here and in the court below appellant claimed that it was held in Le Mere v. McHale, 30 Minn. 410, 15 N. W. 682, that physicians could not be called as experts when they had been employed professionally to attend the plaintiff, and while so attending him, in the ordinary practice of their profession, acquired personal knowledge of the nature and extent of his injuries.

An examination of the record in that case discloses that the physicians testified they had treated the injured man, and they described the nature and extent of his injuries; but, if they were called as experts to give opinions upon a given state of facts, the record does not disclose the fact. Whatever opinions were expressed were incidental and exceedingly limited. In speaking of the case, the court said that the statute allowing expert witness fees did not apply to cases where a witness skilled in some profession or calling was asked to testify as to facts within his personal knowledge, although he may have acquired such knowledge while in the ordinary practice of his profession, and although his professional skill might have enabled him to observe such facts more intelligently and to narrate them more correctly. The court added: "It is true that, after testifying to these facts, they were asked for and gave their professional opinion in reference to the probable effect upon plaintiff of the injuries, the extent and nature of which had come to their knowledge while attending their patient in the ordinary pursuit of their calling. We are not prepared to say that this might not bring them technically within the letter of the statute; but it certainly did not, under the facts of this case, bring them within its spirit, and furnished no good reason for allowing them extra compensation."

In the case before us none of the testimony is returned, and we are limited to a consideration of the facts as they appear in the motion papers.

It certainly was not intended to hold in Le Mere v. McHale that, simply because physicians and surgeons treat an injured person in their professional capacity, they are thereby precluded from being sworn and examined at the trial as experts to give an opinion upon the facts, whether those facts were ascertained wholly or partially as a result of their personal experience in treating the patient. That decision

goes no further than to hold that a physician who testified to facts coming under his notice during the performance of his professional duties is not necessarily an expert witness. In that case there was nothing to distinguish the physicians from any other witnesses. In this case it appears from the motion papers that the physicians and surgeons not only treated the injured man professionally, but were employed so to do for the purpose of making preparation to testify as experts. They made special examination of his injuries, with the intention of acquiring knowledge which should make them the better qualified to testify as to what were the probable results of the injury. The trial court, having heard all of the evidence, was in a much better position to pass upon the question than this court can be upon the record before us. Of course, applications of this kind should be carefully scrutinized by trial courts. The statute was not intended to furnish a plaintiff the means of procuring medical treatment at the expense of the party charged with negligence.

Affirmed.

ELLIOTT, J. (dissenting).

I think that this case is controlled by Le Mere v. McHale, 30 Minn. 410, 15 N. W. 682, and therefore note my dissent.