### SCATCHERD v. LOVE.

(Circuit Court of Appeals, Sixth Circuit. December 23, 1908.)

No. 1,806.

1. **Courts (§ 357*)—Adoption of State Practice—Costs.**

There are no federal statutes defining a successful party in a civil action, or granting to him a judgment for costs in a civil action at law; the practice of the federal Circuit Courts being to follow the state statutes on the subject as rules of decision, as authorized by Rev. St. § 721 (U. S. Comp. St. 1901, p. 581).

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. **Costs (§ 32*)—Right to Costs—Successful Party—State Statutes.**

Shannon's Code Tenn. § 4938, awards to the "successful party" in all civil actions full costs, unless otherwise provided by law, and section 4942 declares that in cases of nonsuit, dismissal, abatement by death of plaintiff, or discontinuance the defendant is the successful party. *Held* that, to entitle defendant to recover costs under such sections, it must appear that he was the successful party.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108, 109; Dec. Dig. § 32.*]

3. **Costs (§ 32*)—Statutes—"Successful Party."**

Plaintiff sued to recover commissions on a sale of real estate. Judgment was rendered for defendant on a verdict, which was reversed on writ of error and the cause remanded, with directions to award a new trial; costs being awarded plaintiff. Before trial defendant paid plaintiff $5,000 in full settlement of the claim or suit, which was thereupon dismissed. *Held,* that such dismissal was solely because there was nothing more at issue, and that plaintiff was the "successful party," and entitled to costs, under Shannon's Code Tenn. §§ 4938, 4942, awarding costs to the successful party, unless otherwise provided by law, etc.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 111; Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 7, p. 6745.]

4. **Costs (§ 48*)—Award—Discretion.**

Shannon's Code Tenn. § 4938, awards costs to the successful party in civil actions, unless otherwise provided by law; section 4942 declares that in case of nonsuit, dismissal, abatement by death of plaintiff, or discon-

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tinuance the defendant is the successful party; and section 4962 declares that in any case not expressly provided for the court may make such disposition of the costs as in its discretion shall seem right. *Held*, that where a settlement was reached after reversal of a judgment for defendant, and the cause was dismissed, it was within the court's discretion to award costs to plaintiff, even though he were not the successful party.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 192–210; Dec. Dig. § 48.*]

5. Costs (§ 230*)—Costs on Appeal—Assessment.

Plaintiff is entitled to recover costs paid on a writ of error to review a judgment against him in which he was successful.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 869; Dec. Dig. § 230.*]

6. Appeal and Error (§ 1194*) — Costs on Writ of Error — Judgment—Conclusiveness.

Where a judgment was reversed on a writ of error, with costs to plaintiff, and the judgment for costs on the writ of error was made the judgment of the trial court on remand, such judgment was beyond the subsequent control of that court, regardless of the final result of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4655; Dec. Dig. § 1194.*]

7. Appeal and Error (§ 119*)—Decisions Reviewable—Judgment for Costs.

The rule that a writ of error will not lie from a judgment for costs only applies only when the award of costs is merely a matter of discretion, and not where plaintiff claims he is entitled to costs under a proper construction of positive law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 823; Dec. Dig. § 119.*]

In Error to the Circuit Court of the United States for the Western District of Tennessee.

See, also, 146 Fed. 1, 77 C. C. A. 1.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a writ of error to reverse a judgment dismissing the suit and adjudging the costs against the plaintiff in error, who was the defendant below. The suit was begun in a state court, and removed to the court below upon the ground of diversity of citizenship. The action was upon a contract to pay a commission for the sale of real estate. There was a jury, and a verdict in favor of defendant, Scatcherd. Upon a writ of error from this court the judgment upon this verdict was reversed and remanded to the Circuit Court, with direction to award a new trial. The costs were, under our rule, adjudged against the defendant in the writ. The opinion of the court is reported under style of Love·v. Scatcherd, 146 Fed. 1, 77 C. C. A. 1. Upon the mandate the court awarded a new trial and adjudged the costs of the writ of error as directed. At a subsequent term it was made to appear to the court that the defendant, Scatcherd, had paid to the plaintiff the sum of $5,000 "in full settlement of the claim," and that it had been received and acknowledged as "in settlement of the Scatcherd case." There was no evidence of any agreement in respect to the payment of court costs, other than such as may be inferred from the fact of the receipt of the sum of $5,000 as a full settlement of the "claim" or "suit." The defendant, by counsel, upon

this situation, moved the court to adjudge all of the costs accrued against the plaintiff. The judgment of the court upon this motion, and upon the facts as submitted, was as follows:

"In this suit the defendant's motion to adjudge costs herein against the plaintiff A. M. Love, having been presented and submitted on briefs, affidavits, and exhibits thereto, and it appearing to the court therefrom that the defendant, on the 21st day of May, 1907, acknowledged its liability herein by paying to the plaintiff the sum of $5,000, which sum was by the said plaintiff accepted as a composition of this cause, upon consideration whereof said motion is overruled and disallowed, and this suit dismissed, at the cost of the defendant. It is therefore ordered by the court that the plaintiff do have and recover of and from the defendant and his surety on his removal bond herein all the accrued costs, for the collection of which execution is accordingly awarded."

There is no act of Congress requiring the taxation of costs against either party in an action at law, except in a few special cases, of which this is not one. Hathaway v. Roach, 2 Woodb. & M. 63, Fed. Cas. No. 6,213; Ethridge v. Jackson, 2 Sawy. 598, Fed. Cas. No. 4,541. An examination of the Revised Statutes and of subsequent legislation reveals no statute which defines a successful party in a civil action or awards to him a judgment for costs in such an action as this was. The practice in the Circuit Court has undoubtedly been to award the successful party his costs; but this has resulted from the fact that that is the requirement of state statutes and that such statutes are to be followed as rules of decision in civil actions at law under section 721, Rev. St. (U. S. Comp. St. 1901, p. 581), when the subject has not otherwise been regulated by Congress. In addition to the cases cited above, the cases of Ellis v. Jarvis, 3 Mason, 457, Fed. Cas. No. 4,403, Scripps v. Campbell, Fed. Cas. No. 12,562, Richter v. Magone (C. C.) 47 Fed. 192, Primrose v. Fenno (C. C.) 113 Fed. 375, and Shreve v. Cheesman, 69 Fed. 785, 788, 16 C. C. A. 413, consider this question. In Shreve v. Cheesman, cited above, this conclusion was assumed as well settled by the Circuit Court of Appeals for the Eighth Circuit in an opinion by Judge Sanborn.

At the common law each party was liable for his own costs, and the recovery of costs by one party against the other was dependent upon statute. Many cases are collected in 5 Am. & Eng. Enc. of Pleading & Practice, 110 et seq., in addition to the federal cases cited above. This has been the well-settled law in Tennessee. Gatewood v. Palmer, 10 Humph. 166, 468; Caldwell v. State, 2 Sneed, 490. The subject of allowance of costs has been thoroughly covered by statute in Tennessee, beginning with the act organizing the courts of the state passed by the first legislative assembly of that state. Acts 1794, p. 483, c. 1, § 74. That section has been carried into the Tennessee Code of 1858 as sections 3197 and 3201, being sections 4938 and 4942 of Shannon's Revision of the Code.

Section 3197 awards to the "successful party" in all civil actions full costs, unless otherwise provided by law. Section 3201 provides as follows:

"In cases of nonsuit, dismission, abatement by death of plaintiff, or discontinuance, the defendant is the successful party, within the meaning of the first section of this chapter."

But a case which does not come within any affirmative provision of the cost statute falls under the sound discretion of the court by force of another provision of the Code (section 3220 of the Code of 1858; section 4962 of Shannon's Code), which reads as follows:

. "And if any case shall occur not directly or by fair implication embraced in the express provisions of the law, the court may make such disposition of the costs as, in its sound discretion, may seem right."

This provision was held in Hite v. Rayburn, 114 Tenn. 463, 85 S. W. 1105, to be the authority under which a Tennessee court might exercise a discretion when the case was not within the other provisions of the chapter on costs.

To entitle the defendant to recover costs against the plaintiff under sections 4938 and 4942, Shannon's Code, it must appear that he was the "successful party" within the meaning of these sections. The learned attorney for the plaintiff in error insists that this appears from the fact that there was no judgment against the defendant upon the merits, and that the only judgment rendered was one dismissing the plaintiff's suit and taxing defendant with the costs. From this it is argued that the case is one of "dismissal" under the provisions of section 4942. This method of stating the case eliminates the important fact that, after a new trial had been awarded, the defendant, in recognition of his liability and in settlement of the claim, paid to the plaintiff $5,000 and that there was no agreement as to costs accrued. Upon this state of facts the court found that the defendant had thereby acknowledged a liability to the plaintiff which entitled the plaintiff to recover his costs. It is true that the judgment does "dismiss" the suit and award costs to the plaintiff; but the court did this because the sum received by the plaintiff had been received in satisfaction of his claim, and not because the suit had not been properly brought. The dismissal was solely because there was nothing more at issue by reason of this settlement pending suit. In a very true sense the plaintiff was the "successful party," for his suit had brought about a satisfaction of the claim by the defendant. When a defendant, after suit begun, acknowledges his liability by the payment of the claim upon which he is sued, and makes no agreement about the costs accrued, the plaintiff is the "successful party" within the meaning of the Tennessee Code provision, and the costs should be awarded to him. This is the view taken by the Supreme Court of Tennessee, and is the law of the state, which was followed by the court below. State v. Dail, 3 Heisk. 272; Woodward v. Alston, 12 Heisk. 581.

But, if we err in holding the plaintiff to have been the "successful party" within the meaning of the statute, the defendant was certainly not the "successful party," having acknowledged his liability by the settlement of the claim. If the case was not within the affirmative provision, it comes within the discretion of the court, and, under section 4962, Shannon's Code, the court had authority to tax the costs to either party, or to divide them, as the equity of the case might demand. The exercise of this discretion, in the absence of great abuse, will not be disturbed.

The third assignment of error is bad. Costs paid by plaintiff, Love, in obtaining a review, are costs which the plaintiff is entitled to re-

cover. This is true, not only for this reason, but for the additional reason that the costs of the former writ of error were adjudged by this court against the defendant, Scatcherd, and the judgment was made the judgment of the court below. This judgment was beyond the control of the court below, regardless of the final result of the case.

The objection made by defendant in error that a writ of error will not lie from a judgment for costs only is not well taken. This is only true when the awarding of costs between the parties is merely a question of discretion. The contention here was that the costs should have been awarded to the plaintiff in error under a proper construction of positive law. The whole subject was reviewed by this court in the case styled In re Michigan Central Railroad Company, 124 Fed. 727, 59 C. C. A. 643.

Judgment affirmed.