### MICHIGAN ALUMINUM FOUNDRY CO. v. ALUMINUM CO. OF AMERICA et al.

(Circuit Court, E. D. Michigan, S. D.   October 16, 1911.)

No. 8,700.

1. COURTS (§ 357*)—FEDERAL COURT—STATUTES.
Where acts of Congress make specific provision for costs, they are controlling; but, if no provision for certain kinds of costs is made, the federal courts may follow the state statutes, if they do not result in injustice in the particular case.
[Ed. Note.—For other cases, see Courts, Dec. Dig. § 357.*]

2. COSTS (§ 173*)—ATTORNEY'S FEES—STATUTES.
Rev. St. §§ 823, 824 (U. S. Comp. St. 1901, p. 632), providing specifically that attorneys shall be allowed certain fees, and no others, are exclusive on the subject of attorney's fees, so that, since no provision for attorney's fees on motions is made, no fee could be allowed on a motion to set aside the service of process.
[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 688–690; Dec. Dig. § 173.*]

3. COSTS (§ 173*)—DOCKET FEE—"FINAL HEARING."
Since the hearing on a motion to set aside the service is not a final hearing of the cause, no statutory docket fee can be taxed therefor.
[Ed. Note.—For other cases, see Costs, Dec. Dig. § 173.*
For other definitions, see Words and Phrases, vol. 3, pp. 2799-2801.]

4. COSTS (§ 154*)—ATTORNEY'S FEES—DEPOSITIONS.
Rev. St. § 824 (U. S. Comp. St. 1901, p. 632), providing for an allowance of $2.50 for each deposition taken and admitted in evidence in the cause, relates to a deposition admitted at the trial or final hearing, and hence does not authorize the taxation of such sum for depositions taken and used in resistance of a motion to set aside the service.
[Ed. Note.—For other cases, see Costs, Dec. Dig. § 154.*]

5. COSTS (§ 154*)—DISBURSEMENTS—TRAVELING EXPENSES—DEPOSITIONS.
Traveling and other expenses of an attorney in taking depositions to be used in resistance of a motion to set aside the service cannot be taxed as a part of the costs.
[Ed. Note.—For other cases, see Costs, Dec. Dig. § 154.*]

6. COSTS (§ 153*)—DISBURSEMENTS—WITNESS FEES—DEPOSITIONS.
Comp. Laws Mich. 1897. § 11,254, providing that, on motions in actions at law, such allowance may be made as the court shall deem best, refers only to attorney's fees, and does not authorize an allowance of disburse-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments for the fees of witnesses and examiners, etc., in taking depositions to be used on the hearing of a motion to set aside the service of process.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 153.*]

At Law. Action by Michigan Aluminum Foundry Company against Aluminum Company of America and others. On motion for an order for an allowance of costs on the denial of motion to set aside service of process. Denied.

Lucking, Emmons & Helfman, for plaintiff.
Gray & Gray, for defendants.

ANGELL, District Judge. This is a motion for an order for allowance of costs to the plaintiff upon the denial of motions by the defendant Aluminum Company of America to set aside service of process.

It appears from the record that after the first motion was made plaintiff got an order of the court to take depositions before an examiner to be used in opposition to the motion; that the depositions of two employés of defendant, and of one other person, were taken and used on the hearing. It appears, also, that after the second motion was made plaintiff took out a commission, and under it took depositions of three other agents or officers of defendant, residing at or near Pittsburgh, Pa., which were used on the hearing.

The court is asked to allow the witness fees of the persons examined, amounting to $7.08; the amount paid the examiner in Detroit, $12.50; that paid the commissioner in Pittsburgh, $44.50; that paid the marshal in Pittsburgh, for serving subpœnas, $2.42; the expenses of the attorney in going to Pittsburgh to take the depositions, $25; an attorney fee of $2.50 for taking each of six depositions, in all, $15; and a further reasonable attorney fee.

[1] If acts of Congress make specific provision for costs, they control. If they make no provision for certain kinds of costs, the provisions, if any, of the state statutes may be followed (Scatcherd v. Love, 166 Fed. 53, 91 C. C. A. 639, and cases cited), at least if they do not result in injustice in a particular case (Primrose v. Fenno [C. C.] 113 Fed. 375). Such seems to be the prevailing doctrine at this time.

[2, 3] Sections 823 and 824, Revised Statutes (U. S. Comp. St. 1901, p. 632), distinctly provide that attorneys shall be allowed certain fees, and no others. On the subject of attorney fees this act controls. It makes no provision for attorney fees on motions. Hearing on a motion is not a final hearing of the cause, upon which the statutory docket fee may be taxed. No attorney fee can be allowed on the motion.

[4] There is a provision for an attorney fee of $2.50 for each deposition "taken and admitted in evidence in a cause." This means a trial or final hearing, and not an interlocutory hearing. Stimpson v. Brooks, 3 Blatchf. 456, Fed. Cas. No. 13,454; Nail Factory v. Corning, 7 Blatchf. 16, Fed. Cas. No. 14,197; Spill v. Manufacturing Co. (C. C.) 28 Fed. 870.

[5] There is no authority in the statutes, and I know of none in our state decisions, for allowing the traveling expenses of the attorney in going to Pittsburgh. See Wooster v. Handy (C. C.) 23 Fed. 60. There can, therefore, be no allowance made for the attorney's fees and attorney's expenses asked for.

[6] As to the other matters, the items of disbursement for witnesses, examiner, etc., on a motion of this kind, the acts of Congress contain no express provision. Plaintiff urges that, therefore, they are allowable under the statute of the state, Comp. Laws 1897, § 11,254, last paragraph. That paragraph provides that on motions in law cases such allowances may be made as the court deems just. It is plain, however, from the title and the body of the act, that it refers only to attorney fees, and not to disbursements of the kind here in question. No case is found by which the Supreme Court of Michigan has permitted the language to be extended to cover such disbursements. The court is aware of no settled practice to make allowance for such disbursements under the paragraph. If the matter of attorney's fees only is covered by it, it cannot be acted on here, since attorney's fees, as above stated, are governed by Revised Stats. §§ 823 and 824.

It may be said with some force that to deny plaintiff costs to the extent of disbursements for witnesses', examiner's and marshal's fees is a hardship, especially in view of the order of Judge Swan that depositions be taken, and of the fact that the more important deponents would not make affidavits. If I could see my way to do so, I should be inclined to award as costs, under the circumstances of this case, the disbursements now under consideration. But it is to be remembered that costs are in the main, if not entirely, statutory allowances, and that in a case at law it is rare that depositions are taken in support of or in opposition to motions.

I am compelled, by the foregoing considerations and in the present state of the statutes, to deny the plaintiff's application.