## BONE v. WALSH CONST. CO.

(District Court, S. D. Iowa, Davenport Division. September 18, 1916.)

1. COSTS ⟨⇒48—POWER OF COURT—DISMISSAL.

A court of equity should as far as possible, where plaintiff waits until the moment of trial before dismissing, tax costs so as to reimburse defendant for expenditures made in good faith in preparation for trial, though the court cannot tax any costs which could not have been taxed had the case gone to trial and there been a decree for defendant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 129, 192–210; Dec. Dig. ⟨⇒48.]

2. COSTS ⟨⇒187—TAXATION—FEES FOR EXPERT WITNESS.

As the power to impose costs ultimately must be found in the statutes, and the only statute intended to penalize for vexatious proceedings (Rev. St. § 982 [Comp. St. 1913, § 1623]) merely declares that an attorney shall be liable for costs vexatiously increased by him, a plaintiff who delayed dismissal until the eve of trial cannot be taxed with disbursements made by defendant to procure expert witnesses, and defendant is only entitled to the ordinary witness fees therefor.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 738; Dec. Dig. ⟨⇒ 187.]

3. COSTS ⟨⇒190—ALLOWANCE—DISMISSAL.

Where plaintiff delayed his dismissal until the eve of trial, defendant cannot be allowed as costs disbursement for the preparation of models for various alleged anticipating structures.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 660–662; Dec. Dig. ⟨⇒190.]

⟨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. COSTS ⬅️⟶182—ALLOWANCE—DISMISSAL.

Under Rev. St. § 983 (Comp. St. 1913, § 1624), providing that lawful fees for exemplification and copies of papers necessarily obtained for use on trials in cases, where by law costs are recoverable, shall be taxed, defendant, where plaintiff delayed dismissal until the eve of trial, is entitled to tax as costs disbursements for certified copies of patents and publications which would necessarily have been used.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 714; Dec. Dig. ⬅️⟶182.]

In Equity. Suit by Frank A. Bone against the Walsh Construction Company. On motion to tax costs upon dismissal by plaintiff. Costs taxed, part of defendant's disbursements being denied.

Arthur H. Ewald and Oliver W. Sharman, both of Cincinnati, Ohio, and Otis Gilbrech, of Davenport, Iowa, for complainant.

Arthur G. Bush and N. D. Ely, both of Davenport, Iowa, for respondent.

WADE, District Judge. I have made an extensive investigation of the questions presented, for the reason that similar questions have been presented in other cases, and because the same questions may arise in nearly every patent case.

[1] The facts in this case relating to the conduct of the plaintiff, in waiting until the moment of trial to dismiss the proceeding, furnishes ample ground for the court to tax as costs every item which the law permits. In fact, the circumstances justify a court of equity in going as far as possible in compelling the plaintiff to 'reimburse the defendant for the expenditures which it made in good faith, in preparation for the trial of this case.

But it must be conceded that, upon dismissal, the court cannot tax any costs which could not be taxed if the case had gone to trial and there had been a decree for the defendant. There is no authority for permitting a penalty to be assessed because of the dismissal of the case on the eve of trial.

[2] The only enactment by Congress of a statute intended to penalize for vexatious proceedings is section 982 (Rev. Statutes), which permits an allowance, not against the parties, but against the attorneys who engage in such practice.

While there are general expressions that a court of equity has broad powers in the matter of taxation of costs, it will be found, upon examination of these cases, that these expressions relate largely to the apportionment of costs, or to the amount which may be allowed as costs under specific provisions of the statutes; but I find no case which specifically holds that a court of equity has power to determine what costs are assessable.

"Ultimately, no doubt, the power to impose costs must be found in a statute." Tesla Co. v. Scott (C. C.) 101 Fed. 524.

"If acts of Congress make specific provision for costs, they control. If they make no provision for certain kinds of costs, the provisions, if any, of the state statutes, may be followed (Scatcherd v. Love, 166 Fed. 53, 91 C. C. A. 639, and cases cited), at least if they do not result in injustice in a particular

case (Primrose v. Fenno [C. C.] 113 Fed. 375). Such seems to be the prevailing doctrine at this time.

"Sections 823 and 824, Revised Statutes (U. S. Comp. St. 1901, p. 632 [Comp. St. 1913, §§ 1375, 1378]), distinctly provide that attorneys shall be allowed certain fees, and no others. On the subject of attorney's fees this act controls. It makes no provision for attorney fees on motions. Hearing on a motion is not a final hearing of the cause, upon which the statutory docket fee may be taxed. No attorney fee can be allowed on the motion.

"There is a provision for an attorney fee of $2.50 for each deposition 'taken and admitted in evidence in a cause.' This means a trial or final hearing, and not an interlocutory hearing. Stimpson v. Brooks, 3 Blatch. 456, Fed. Cas. No. 13,454; Nail Factory v. Corning, 7 Blatchf. 16, Fed. Cas. No. 14,197; Spill v. Mfg. Co. (C. C.) 28 Fed. 870.

"There is no authority in the statutes, and I know of none in our state decisions, for allowing the traveling expenses of the attorney in going to Pittsburgh. See Wooster v. Handy (C. C.) 23 Fed. 60. There can therefore be no allowance made for the attorney's fees and attorney's expenses asked for." Michigan Co. v. Aluminum Co. [C. C.] 190 Fed. 903.

"We are unable to find in section 982 authority for allowing an arbitrary sum ($300, $150 in each case) to be inserted in the judgment and paid by the complainant to the defendants.

"The question here is, not what the law should be, but what it is. Unquestionably the laws of New York are much more liberal in the matter of costs and allowances than those of the United States, where the costs are hardly more than nominal. In isolated cases the inability of the court to make an adequate allowance may produce hardship; but, on the other hand, the federal system has advantages which are obvious to all who have practiced in the courts of the United States." Motion Picture Co. v. Steiner, 201 Fed. 63, 119 C. C. A. 401.

The main question in this case relates to the money expended in employing expert witnesses. The amount thus expended is $780.15. No question is made by plaintiff that this amount is unreasonable or unnecessary; so that we are confronted with the question as to whether or not, in the absence of a statute, the expense for experts in the preparation of a case, and in attendance for the trial, aside from statutory witness fees, can be allowed as costs, either upon dismissal, or upon final decree.

In The William Branfoot, 52 Fed. 390, 3 C. C. A. 155, the court says:

"Libelant excepted to the disallowance by the clerk in his taxation of costs of seven items, five of them being charges for expert testimony. As to two of these, the District Court sustained the clerk, upon the ground that the witnesses did not come within the designation of experts, and, as to the other three, because the compensation of 'experts' called by the party in his own behalf cannot be taxed against the losing party as costs or as extra allowances and disbursements, under the statute. Rev. St. §§ 823, 983 [Comp. St. 1913, §§ 1375, 1624].

"We think the court was right, and that, as these charges, including expenses and disbursements, were not incurred under any action of the court, but by the party in the preparation and presentation of his own side of the case, the items were properly disallowed. Another item was for money paid for a copy of the official stenographer's notes, obtained for libelant by his counsel. This was simply for convenience, and not a copy necessarily obtained for use on the trial. The item was properly rejected. The remaining item was for the expenses of a journey to New York, for the purpose of attending the examination of witnesses for libelee; the notice being so short that libelant insists that there was not sufficient time allowed within which to employ and instruct counsel in New York, and that it therefore became necessary that his proctor should be present in person. The District Court correctly held that this was not a necessary disbursement, as, 'if the notice given was unrea-

sonable, counsel could have had the time extended—perhaps have suppressed the deposition.' "

In Re Carolina Cooperage Co. (D. C.) 96 Fed. 604, the court says:

"Extra allowance to expert witnesses cannot be allowed or taxed against a losing party in a United States District Court sitting in admiralty or bankruptcy, but must be paid, according to the statute, $1.50 per day for actual attendance, and mileage. Rev. St. § 848 [Comp. St. 1913, § 1452]; The William Branfoot, 3 C. C. A. 155, 52 Fed. 290, 8 U. S. App. 129. Any extra allowance to 'experts' is a matter of personal or private contract between the parties—the one summoning the expert and the witness so summoned and used. The witness fees will therefore be reduced to the amount allowed by statute, $1.50 per day for actual attendance, and no more."

The foregoing quotations reflect the general law of the country upon this question. Flinn v. Prairie County, 27 L. R. A. 669 (extensive note); 4 L. R. A. Extra Annotations, 258; 11 R. C. L. § 65; Barrus v. Phaneuf, 166 Mass. 123, 44 N. E. 141, 32 L. R. A. 619; Philler v. Waukesha County, 139 Wis. 211, 120 N. W. 829, 25 L. R. A. (N. S.) 1040, 131 Am. St. Rep. 1055, 17 Ann. Cas. 712 (extensive note).

In fact, the only case in which I find a court allowing, as costs, payment for services of experts in preparation for testifying, is Anderson v. Railway, 103 Minn. 184, 114 N. W. 744, in which the circumstances were peculiar.

From one point of view, this rule seems to work an injustice, and no doubt it does in many cases. The view of the courts seems to be that such matters should stand upon the same footing as counsel fees, as to which Justice Swayne, in Oelrichs v. Spain, 15 Wall. 231, 21 L. Ed. 43, observes:

"In equity cases, when there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the expensa litis to which he may have been subjected. The parties in this respect are upon a footing of equality. * * * When both client and counsel know that the fees are to be paid by the other party, there is danger of abuse. * * * We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy."

The rule contended for would involve great uncertainty as to the amount for which the losing party would be liable. In Wendell v. Willetts (C. C.) 183 Fed. 1014, in an action by an expert to recover for services in preparing facts in an insurance claim, the jury awarded $3,500, which was reduced by the court to $2,500.

In some of the states, as in Iowa, laws have been passed permitting the courts to allow experts additional per diem while in attendance upon the court; but Congress has made no such enactment, and no Legislature, so far as I have been able to find, has passed a law permitting the taxation as costs of the compensation of the expert for time expended in preparing to testify.

Under the foregoing, I am required to overrule the application of the defendant for allowance of the amount paid to experts, except the sum of $1.25 per day and mileage. As to this the defendant is permitted to make showing.

[3] The next item is $50 for "preparation of models of various alleged anticipating structures."

As in the expense for experts, there is just reason that such allowance be made; but I find no authority to justify it. Kelly v. Springfield Co. (C. C.) 83 Fed. 183; Wooster v. Handy (C. C.) 23 Fed. 49.

[4] The other item asked to be taxed is $48.20 for certified copies of patents and publications. I think this item is allowable, provided a showing be made that they were necessary to the proper presentation of the case upon the merits.

Section 983 of the Revised Statutes provides that:

"Lawful fees for exemplification and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed."

Counsel for plaintiff rely upon Wooster v. Handy (C. C.) 23 Fed. 49, for their contention that allowance cannot be made for copies of papers unless actually used upon a trial. The situation in this case was not there considered, and I feel that, under the peculiar circumstances in this case, the costs should be taxed.