## WARNER v. LIQUID CARBONIC CO.

(District Court, N. D. Georgia. January 8, 1921.)

1. **Courts** ⟐⟐357—State allowances followed, if no act of Congress establishes allowance.

In federal courts in cases at law, state allowances of costs, which were not allowed at common law, but are such as the law of the particular court fixes, may be followed, where no rule has been established by Congress.

2. **Costs** ⟐⟐157—Consent verdict does not authorize attorney's docket fee for "trial before a jury."

Under Rev. St. §§ 823, 824 (Comp. St. §§ 1375, 1378), fixing allowances as costs to attorneys, solicitors, and proctors in cases at law, in equity, and in admiralty, and allowing $20 for a trial before a jury or referee, which is the same fee as allowed upon a final hearing in equity or admiralty, the expression "trial before a jury," like "final hearing," implies at least a submission of a contested question to the jury, if not a verdict thereon, and where a verdict was entered by consent of the parties agreed to before the trial, that item cannot be allowed to plaintiff.

[Ed. Note.—For other definitions, see Words and Phrases, Trial Before a Jury.]

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by M. R. Warner, by next friend, against the Liquid Carbonic Company. Judgment for plaintiff on a consent verdict, and defendant moves to retax the costs. Contested item of costs disallowed.

Norman I. Miller, of Atlanta, Ga., for plaintiff.

A. H. Davis, of Atlanta, Ga., for defendant.

SIBLEY, District Judge. Before this case at law was ready for trial the parties agreed that a verdict in plaintiff's favor for $25 should be taken. This was stated in open court; a jury was impanneled and directed to sign a verdict, no witnesses being called or sworn. The clerk entered in his journal, "Consent verdict." Judgment was thereupon signed for the amount of the verdict and costs. In taxing the costs, the clerk included $20 as a docket fee for the plaintiff's attorney. On a motion to retax, this item of costs is objected to.

[1, 2] Costs as such were not allowed at common law. They pertain to the practice of the court, and are such as the law of the particular court fixes. In the federal courts, in cases at law, the state allowances may be followed, where no rule has been established by Congress. Scatcherd v. Love, 166 Fed. 53, 91 C. C. A. 639; Michigan Aluminum Foundry Co. v. Aluminum Co. (C. C.) 190 Fed. 903. No attorneys' or solicitors' fees are allowed as costs in Georgia. But this matter has been fully covered for the federal courts by R. S. §§ 823 and 824 (Comp. St. §§ 1375, 1378), fixing the fees allowable as costs to attorneys, solicitors and proctors in cases respectively at law, in equity and in admiralty, and declaring that no others shall be exacted from the opposite party. In common-law cases, if the plaintiff discontinues, the defendant may have $5 allowed for his attorney. If judgment is had by the court, the successful party may have $10 as his attorney's fee. For "a trial before a jury or referee" $20. The last item is associated with an allowance of the same fee upon "a final hearing in equity or admiralty," and the expression "trial before a jury" and "final hearing" ought to be construed together as throwing some light on each other, as the same fee is allowed for each.

The precise question here is whether a verdict taken by consent is "a trial before a jury." No direct authority has been presented. It was held, however, that a disposition by consent decree of an admiralty case was not "a final hearing," to make which there must have been a submission to the court for decision of some question of law or fact. The Dwinsk (D. C.) 227 Fed. 958; Howe v. Shumaway, Fed. Cas. No. 6774. It was said in Merritt, etc., Wrecking Co. v. Catskill (D. C.) 112 Fed. 442, on authorities cited therein:

"Nor would the obtainment of an order pro confesso necessarily entitle the complainant to a docket fee. It would be requisite that a bill should be decreed by the court after an examination to determine whether the facts entitled the complainant to the relief demanded. * * * The test seems to be whether something more than merely formal action of the court is necessary, both in equity and in admiralty."

See, also, Albion Lumber Co. v. Inter-Ocean Transport Co. (D. C.) 240 Fed. 1019.

The words "a trial before a jury" were construed in Howler v. Chicago Co.. (C. C.) 166 Fed. 828, and held not to apply to a case where a trial was begun and a settlement had which stopped the trial; no verdict being rendered. It was said that to constitute a trial there must be both an examination and hearing of evidence, and at least a submission of the question to the jury, if not, indeed, a verdict thereon. I am persuaded that the word "trial," like the word "hearing," connotes a contest, or certainly something more aggressive than the mere execution of a consent. Where, as in this case, the consent precedes the calling of the case for trial, there was no necessity for the plaintiff to engage the services of an attorney for the trial, and a considerable motive to settlement is often the saving of further costs.

The item contested is disallowed.