In re MIERS.

(District Court, D. South Dakota, S. D.   January 27, 1912.)

1. BANKRUPTCY (§ 474*)—RIGHT TO AWARD COSTS.

A bankruptcy court, having equitable jurisdiction, has power in its discretion to award costs against an objecting creditor who has failed to substantiate specifications of objection in opposition to the bankrupt's discharge

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 474.*]

2. BANKRUPTCY (§ 474*)—OBJECTIONS TO DISCHARGE.

Where specifications of objection to a bankrupt's discharge are filed in good faith, and the creditor's opposition is not frivolous or vexatious, the court will not impose costs on the objecting creditor, though he fails to sustain the specifications.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 474.*]

In the matter of bankruptcy of Ferdinand W. Miers.   On motion of the bankrupt for taxation of costs against an unsuccessful objecting creditor.   Denied.

Rice & Benson, for bankrupt.

G. R. Krause, for objecting creditor.

ELLIOTT, District Judge.   This is a motion by the bankrupt for the taxation by the clerk of this court of the costs enumerated and set forth in the bill of costs herein, as follows, to wit:

Attorney's docket fee............................................................$20 00
For answer......................................................................  3 00
Witness fees of Ferdinand W. Miers in response to master's order is-
  sued at complainant's request, per diem, 2 days.......................  3 00
Mileage .......................................................................  4 00
                                                                              _____
   Total .......................................................................$30 00

against Delmont Goldsmith, a creditor who filed specifications of objection to the discharge of the bankrupt.

The record discloses: That Ferdinand W. Miers filed his voluntary petition and schedules in bankruptcy, and was on the 12th day of December, 1910, duly adjudicated a bankrupt, and the matter was thereupon duly referred to Henry A. Muller as referee.   Thereafter, on the 10th day of March, 1911, said bankrupt filed in the office of the clerk of this court his petition for discharge, and within the time allowed by law Goldsmith, a creditor of said bankrupt, filed his specifications of objection to said discharge.   On June 29, 1911, reference was made to Henry A. Muller, as special master, to take the evidence and report findings.   That thereafter such proceedings were had that the said special master made and filed findings in favor of, and recommending the discharge of, the bankrupt as prayed in his petition, and an order of discharge of the said bankrupt was thereupon duly entered.   On the 30th day of December, 1911, the bankrupt, by his attorneys, Messrs. Rice & Benson, filed motion for taxation of costs as above stated in favor of the bankrupt and against the said objecting creditor.   There are certain costs necessarily incurred in the

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hearing before special masters in matters of this kind, such as clerk's fees, master's per diem, and stenographer's fees. These costs are not involved in this controversy, as it appears by the record that they have been paid by the objecting creditor.

[1] I have given special attention to the first question involved in this motion, to wit: Has the District Court, sitting in bankruptcy, power to award costs against an objecting creditor who fails to substantiate his specifications of objection in opposition to a bankrupt's discharge? Although this question has not been discussed at great length in any opinion that has been written, an examination of the cases arising under the act of 1867 establishes the fact that costs were awarded against creditors who failed to substantiate their specifications of objection apparently as of course and without the court's right to impose them being raised. In re Joseph Wolpert, 1 Am. Bankr. Rep. 437; In re Eidom, Fed. Cas. No. 4,315. In the latter case it is held that the attorney's docket fee "becomes a proper charge in the bill of costs." It was also held that the right to award costs is inherent in the District Court in bankruptcy as a court of equity, and that such court could in its discretion, like other courts of equitable jurisdiction, give or withhold costs. In re George, Fed. Cas. No. 5,326; In re Holgate, Fed. Cas. No. 6,601. This same view of the law was taken by the courts interpreting the bankruptcy act of 1841. In re Wolpert, supra, 1 Am. Bankr. Rep. 438, and citations.

It seems to be settled that prior to the law of A. D. 1898, though the old bankruptcy acts were silent upon the question of costs in a case like this before me, this court might, upon an application for discharge, award costs against an objecting creditor who was defeated in his effort to prevent the bankrupt's discharge. I cannot find that the bankruptcy law of 1898 has modified the interpretation placed upon the old bankruptcy statutes in the cases above referred to. I am therefore of the opinion that the right to award costs is inherent in the District Court in bankruptcy as a court of equity, and that this court can in its discretion, like other courts of equitable jurisdiction, give or withhold costs.

[2] The further question arises here, Should the costs and disbursements above set forth be awarded the bankrupt here? So far as I am able to ascertain from this record, there is no pretense that this creditor who objected to this bankrupt's discharge was not acting in good faith at the time his specifications of objection were filed, nor does it appear that said objections were either frivolous or vexatious. There is no finding in the record that the creditor's objections were intended merely to vex or delay the bankrupt. It is true he failed to prove the truth of his objections, but, in so far as I can see, there are none of the elements which go to make up a frivolous or vexatious attack upon this bankrupt by this creditor. I agree with the referee in Re Joseph Wolpert, supra, wherein he states that:

"It would be unfair to hold that costs should be awarded against the creditor from whom they can be collected, when, had the decision been the other way, the creditor would have been unable to collect costs from the bankrupt."

The bankrupt in this case received his discharge. The creditor had a perfect right to in good faith oppose such discharge so long as

his opposition was not frivolous or vexatious, and this court will not impose upon the creditor the taxation of these costs so long as he acts in good faith. I hold that the discretion is always in the court, and that it should be exercised under the rules above stated.

The foregoing is, I think, in conformity with the practice that has heretofore obtained in this district.

The motion of the bankrupt to tax the costs set forth therein against the objecting creditor should be denied, and an order will be entered accordingly.