MOTION PICTURE PATENTS CO. v. STEINER et al.

SAME v. YANKEE FILM CO.

(Circuit Court of Appeals, Second Circuit. December 9, 1912. On Motion to Modify, December 19, 1912.)

Nos. 42, 43.

1. COSTS (§ 164*)—EXTRA ALLOWANCE—STATUTES—CONSTRUCTION.

Rev. St. § 982 (U. S. Comp. St. 1901, p. 706), provides that if any attorney, proctor, or other person, admitted to conduct causes in any court of the United States or in any territory, appears to have multiplied the proceedings in any cause before such court, so as to increase costs unreasonably and vexatiously, he shall be required by order of the court to satisfy any excess of costs so increased. *Held*, that such section only permits the court to order that an attorney who has unnecessarily increased the costs shall personally pay the excess of the costs over the amount which was properly incurred in case he unreasonably multiplies the proceedings in any case, and confers no authority on a federal court to grant an extra allowance by way of "excess costs and expenses" against the defeated party, because the successful party had been put to considerable annoyance and expense by reason of the prolonged examination of witnesses by his adversary's counsel.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. § 164.*]

2. APPEAL AND ERROR (§ 119*)—ORDERS APPEALABLE—EXTRA ALLOWANCE OF COSTS.

So much of a decree dismissing a bill as granted an extra allowance of costs was subject to review on appeal, where it was claimed that there was no law authorizing such an award.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 823–839; Dec. Dig. § 119.*]

Appeals from the District Court of the United States for the Southern District of New York; C. M. Hough, Judge.

Suits by the Motion Picture Patents Company against William Steiner and others and against the Yankee Film Company. From so much of a final decree dismissing the bills in each case as awarded an additional allowance of $150 costs in each case (192 Fed. 134), complainant appeals. Reformed and affirmed.

The appeals in the above-entitled actions are taken for the sole purpose of reviewing final decrees dismissing the bills with costs and an additional sum of $150 in each case. The decrees contain the following: "Ordered, adjudged and decreed, that the bill of complaint herein be and the same hereby is dismissed with costs to defendant to be taxed, and in addition thereto there is hereby allowed to defendant the sum of one hundred and fifty dollars as excess costs and expenses, and that the defendant have judgment and execution therefor."

The assignments of error challenge the propriety of the decrees in one particular only. It 'is contended that the court erred in allowing the defendants $150 .in each case "as excess costs and expenses," there being no statutory authority for such an allowance.

J. Edgar Bull, Warren H. Small, and Waters Lee Helms, all of New York City, for appellant.

Seward Davis and William H. Kenyon, both of New York City, for appellees.

Before COXE, WARD, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in D'ec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. [1] These appeals present the single question whether, under section 982 of the Revised Statutes (U. S. Comp. St. 1901, p. 706), the court has power on final decree to award an additional allowance to the prevailing party who has been put to "considerable annoyance and expense" by reason of the prolonged examination of witnesses by his adversary's counsel. The only allegation upon which the award is based is found in the affidavit of defendant's counsel and is to the effect that defendant was put "to considerable expense in attending and cross-examining the witnesses and preparing for same."

Assuming complainant's examination to be vexatious and unnecessary, is there any statutory authority for taxing such an allowance against the defeated party? Section 982 is as follows:

"If any attorney, proctor, or other person admitted to conduct causes in any court of the United States, or of any territory, appears to have multiplied the proceedings in any cause before such court, so as to increase costs unreasonably and vexatiously, he shall be required, by order of the court, to satisfy any excess of costs so increased."

The language used is so plain that there can be little doubt as to the proper construction of the section.

First.—It applies only to the attorney, proctor or other persons admitted to practice in the federal courts. It does not apply to the client, no matter how reprehensible his conduct may be. It was designed to punish the pettifogger, or at least, to make him pay the expenses occasioned by his misconduct.

Second.—It can be invoked only when such attorney, proctor, or other person admitted to practice in the federal courts, multiplies the proceedings in the cause so as to increase costs unreasonably and vexatiously. His conduct may be so contumacious as to justify proceedings for contempt; but unless he has increased the costs and done so unreasonably and vexatiously, he cannot be punished under this section.

Third.—The court cannot direct the offending attorney to pay all the costs, but only the excess of costs, which excess was occasioned by his unreasonable and vexatious conduct.

In short, the section permits the court to order that an attorney who has unnecessarily increased the costs shall pay personally the excess of such costs over the amount which was properly incurred. If, for instance, a witness is examined and the record clearly shows that his testimony, in so far as it relates to the issue in controversy, should have been completed in an hour and that by the unreasonable conduct of the attorney it is drawn out for days, the court may, under section 982, compel the offending attorney to pay the excess occasioned by this unnecessary prolongation of the examination. The evident purpose of the section is to punish the lawyer who vexatiously increases costs, by making him, and not his client, liable for the increase occasioned by his improper conduct. It recognizes that such costs should not have been incurred and places their payment on the person who is responsible for them.

There is nothing in the present record to show that the complain-

ant's attorney unnecessarily multiplied proceedings or added improperly to the costs. The amount of the costs is not stated, nor is the amount of the alleged increase occasioned by the misconduct of the complainant's attorney. There is a statement in the affidavit of Mr. Davis that a notice was given to the complainant that objection was taken by the defendant to all further proceedings upon the ground that the bill was vitally defective and that:

"Notwithstanding this notice, complainant proceeded with the testimony putting the defendant to considerable expense in attending and cross-examining the witness, and preparing for same."

The character and amount of this expense is not definitely stated. Whether any part thereof can properly be considered as costs is not known. If it can be so considered, the defendants will recover it under the final decree of January 9, 1912, which dismisses the bill "with costs to defendants." Such sum should not be recovered twice. If, on the other hand, the defendant's expenses are not taxable as costs, it is obvious that the complainant's conduct did not increase costs to the extent of these expenses.

The statute in question is not like those of many of the states permitting the court to make an extra allowance in difficult and extraordinary cases. It authorizes no additional allowance; it deals only with actual costs and provides that if they have been increased by the misconduct of an attorney, he shall pay the excess.

We are unable to find in section 982 authority for allowing an arbitrary sum ($300, $150 in each case) to be inserted in the judgment and paid by the complainant to the defendants.

The question here is not what the law should be, but what it is. Unquestionably the laws of New York are much more liberal in the matter of costs and allowances·than those of the United States, where the costs are hardly more than nominal. In isolated cases the inability of the court to make an adequate allowance may produce hardship. But, on the other hand, the federal system has advantages which are obvious to all who have practiced in the courts of the United States.

The complainant does not lay much emphasis upon the proposition that in any event the "excess costs" must be charged against the attorney whose misconduct has produced them. It is quite possible that no member of the bar wishes such a precedent established. Nevertheless, it is plain to us that the object of the statute is to punish an officer of the court who vexatiously increases costs.

[2] We are inclined to think that the order is appealable for the reason that the complainant's contention is not that the court abused its discretion or made an excessive award of costs, but that there is no law permitting such an award. In re Michigan Central Ry. Co., 124 Fed. 727, 59 C. C. A. 643.

The decree should be reformed as prayed for, with costs to the complainant.

## On Motion to Modify.

This is a motion to modify a decision of this court granting costs to the complainant, on the ground that the complainant having failed

to file a disclaimer of an invalid claim prior to the commencement of this suit, is not entitled to costs. We think the sections of the Revised Statutes relating to disclaimers have no application to the present facts. The defendants, and not the complainant, succeeded in the court below. The bills were dismissed with $300 "excess costs." The complainant insisted that the court had no power to make this allowance and the only way that it could assert this contention was by appeal. If the defendants had not insisted upon the $300 allowance there would have been no costs in this court. In order to secure its rights, the complainant was compelled to appeal, the only question being the power of the court to award "excess costs." The complainant is claiming nothing under its patent, as to that the bill has been finally dismissed. The complainant's contention is that it is entitled to the costs made necessary in reversing an erroneous award which the defendants insisted upon collecting. That it is entitled to its costs and disbursements incurred in securing its rights in this regard seems to us very clear.

We see no reason to modify our direction that "the decree should be reformed as prayed for, with costs to the complainant." Of course, the costs referred to are the costs of this court.