**In re REALTY ASSOCIATES SECURITIES CORPORATION.**

No. 45024.

District Court, E. D. New York.

Dec. 20, 1943.

See, also, 53 F.Supp. 1010, 1012, 1015.

Auchincloss, Alley & Duncan, of New York City (James B. Alley and Charles R. Lowther, both of New York City, of counsel), for debtor.

Archibald Palmer, of New York City, for Anna A. and Catherine Kuhlmann, answering creditors.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer and Owen D. Nee, both of New York City, of counsel), for Consolidated Realty Corporation.

MOSCOWITZ, District Judge.

The debtor filed a petition for voluntary reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., to which two creditors interposed an answer raising certain objections. After trial of the issues, the debtor made oral application to the court for the awarding of costs, upon which decison was reserved.

■ Though research of counsel and the court have unearthed no case where the power to award ordinary statutory costs against answering creditors in a Chapter X proceeding was directly in issue, it would appear that such authority clearly exists either by statutory provision (Sec. 2, subd. 18 of the Bankrutcy Act, Title 11 U.S.C.A. § 11, subd. 18, made applicable to Chapter X proceedings by Sec. 102 of the Bankruptcy Act, Title 11 U.S.C.A. § 502) or in the inherent powers of a court of equity. Clark-Herrin-Campbell Co. v. H. B. Claflin & Co., 5 Cir., 1914, 218 F. 429; In re Miers, D.C.S.D.1912, 193 F. 288.

By its request in open court, amplified by its brief, the debtor seeks to have taxed as costs against the answering creditors or their attorney (1) a docket fee of $20, (2) stenographic costs, including the cost of the orginal transcript, (3) an additional allowance to cover expenses (but not counsel fees) incurred by the debtor in opposing the creditors' overruled objections.

■ (1) The docket fee is an ordinary statutory cost (Title 28 U.S.C.A. (Judicial Code), § 572) and is taxable.

■ (2) Rule 80 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Rule 32 of the Civil Rules of the United States District Court for the Eastern District of New York govern the taxability of stenographic costs, the said Rules being extended to bankruptcy proceedings by General Order 37, 11 U.S.C.A. following section 53. Under these Rules, the party who orders the original transcript must pay for the same. This court rendered its decision immediately after trial of the issues and without having ordered a transcript. It would be an abuse of discretion for the court to follow the suggestion of the debtor that it now order a transcript nunc pro tunc for no other purpose than to foist the cost upon the unsuccessful party. The cost of the transcript cannot be taxed against the answering creditors.

■ However, it was necessary in any event to have a stenographer report the minutes of the trial, and such cost, in so far as it is attributable to the needless prolongation of the trial by the attorney for the creditors, is taxable to them. Although there is no reporting charge, as such, in that the transcripts ordered by the debtor and trustee subsequent to the trial were paid for at a per-page price provided for in Rule 32, it is apparent that the reporting charge is absorbed into the cost of the finished transcript and may be severed. Since the debtor would have required a stenographer for one day if its application had been uncontested, a reporting charge for the extra three days is taxable to the creditors.

■ (3) While it may be within the general equity powers of the court to grant an additional allowance to a prevailing party where the opposition is without merit, the practice of the courts has been to exercise such power only in unusual and rather well-defined situations, of which this is not one. Abel et al. v. Loughman et al., D.C. E.D.N.Y.1941, 1 F.R.D. 734; Gold Dust Corporation v. Hoffenberg, 2 Cir., 1937, 87 F.2d 451.

■ The debtor has based its request for an additional allowance also on Section 829 of the Judicial Code (U.S.C.A. Title 28). That statute merely authorizes the taxing of such excess of costs as arose from unreasonable and vexatious conduct of an attorney, to the attorney himself, as opposed to his client, and does not create any penalty in favor of the prevailing party, nor does it sanction the taxing of any additions over regular costs. Motion Picture Patents Co. v. Steiner, 2 Cir., 1912, 201 F. 63. The request for an additional allowance is denied.

Settle order on notice in accordance with this opinion.