**AUSTIN THEATRE, Inc., Plaintiff,**

v.

**WARNER BROS. PICTURES, Inc. (In Dissolution) et al., Defendants.**

United States District Court
S. D. New York.
Sept. 16, 1958.

See also, D.C., 139 F.Supp. 727.

Arnold Malkan, New York City, for plaintiff. Martin G. Stein, New York City, of counsel.

Royall, Koegel, Harris & Caskey, New York City, for defendants TCF Film Corporation (New York) and Twentieth Century-Fox Film Corporation (Delaware). John F. Caskey, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order dismissing this action with prejudice for willful failure of the plaintiff to serve answers to interrogatories and for such other and further relief as to the Court may seem just and proper.

It appears that on November 16, 1956, the attorneys for the respective parties entered into a stipulation that certain of defendants' interrogatories, which were dated April 18, 1956, should be answered by the plaintiff. Thereafter the plaintiff failed to serve answers to the interrogatories and a motion came on before this Court to dismiss the action for failure of the plaintiff to answer interrogatories. On February 27, 1958, an order was entered by this Court directing the plaintiff to furnish answers to the interrogatories on or before March 21, 1958.

Upon the failure of the plaintiff to furnish answers in compliance with this order an *ex parte* order was submitted to me dismissing the action. I declined to sign the order on the ground that certain purported answers had been filed and that "Under the circumstances it would not seem desirable to enter the proposed order *ex parte* since the plaintiff should have a right to present any arguments in support of its purported answers to interrogatories."

This motion was thereupon brought on seeking a dismissal of the complaint on the ground that the purported answers to interrogatories were not in fact answers to them but merely an attempt to thwart the order. It has been pointed out on this motion that the answers submitted by plaintiff to interrogatories 7, 8, 9 and 10 are not answers to the respective interrogatories but are a willful violation of the order directing answers to those interrogatories and the Court so finds. The answers which have been submitted to these interrogatories clearly are not in compliance with the order. Instead of giving the information required by the interrogatories and which the plaintiff had, by entering into the stipulation, agreed were proper interrogatories, the plaintiff merely made available to the defendants certain financial statements or stated that a survey was being made and information would

be supplied as soon as the survey was completed.

Where an interrogatory asks for specific figures it is no answer to the interrogatory to make records available so that the other party to the litigation can do the work of ascertaining the true answers to the interrogatories. Furthermore, the statement that a survey is being made and that data will be submitted when the survey is completed is not an answer to the interrogatories. Almost two and one-half years have passed since the original interrogatories were served. No request has been received from the plaintiff's attorney for an extension of time for answering the interrogatories concerning which he had stipulated. The Court must conclude that the delay and failure of the plaintiff to answer the interrogatories was willful under the circumstances.

However, a court is reluctant to penalize a party by dismissing an action where the basis of the dismissal may well have been the negligence or neglect of the attorney to comply with an order of the court. See Maresco v. Lambert, D.C.E.D.N.Y.1941, 2 F.R.D. 163.

Under the circumstances the motion for an order dismissing this action is denied, but it is ordered that

(1) All further proceedings on the part of the plaintiff in this action are stayed until the order of this Court, dated February 7, 1958, directing that plaintiff furnish answers to interrogatories, is complied with (Rule 37(b)(iii), 28 U.S.C.A.), and

(2) That there be paid by the attorney for the plaintiff, to the attorneys for the defendants who brought this motion, $50 costs for the reasonable expenses incurred by the attorneys for the defendants in securing this order.

In the event that answers to the interrogatories shall not be served by the plaintiff within 45 days from the date of this order, the defendants may move to dismiss the action for lack of prosecution. So ordered.