**Philip SCHNEIDER, Plaintiff,**

v.

**AMERICAN EXPORT LINES, INC.,
Defendant.**

**No. 63 Civ. 410.**

United States District Court
S. D. New York.

Aug. 20, 1968.

Sachs & Spector, New York City, for plaintiff; Benjamin Harmatz, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant; Stephen K. Carr, New York City, of counsel.

## MEMORANDUM

MacMAHON, District Judge.

Plaintiff moves under Rule 60(b) (6) of the Federal Rules of Civil Procedure to vacate and set aside a judgment entered against him in the above action for failure to prosecute. Fed.R.Civ.P. 41 (b). Defendant cross-moves for costs, including attorneys' fees.

This action was instituted on February 13, 1963. Plaintiff claims personal injuries allegedly resulting from an accident on September 7, 1962 caused by defendant's negligence and unseaworthiness of one of its vessels.

After institution of suit, there were numerous delays. It was not until July 26, 1965 that the case was placed on the Trial Calendar. Two and one-half years later, on February 6, 1968, it was placed on the Ready Day Calendar.

On May 20, 1968, this five-year old case, along with 24 others, was assigned to us for trial. Commencing on May 28, it was listed in the New York Law *Journal* as number 19 on our Trial

Calendar of 24 cases along with notice that the cases would be tried one to follow the other in the order listed. On June 3, the Clerk of the Court personally informed counsel by telephone that the cases would be reached for trial in that order. Each day, as cases were terminated, the published list was revised to show the movement of each case toward the top.

During the week of June 10, as this case approached the top of the list, the Clerk of the Court again telephoned and alerted counsel at least three times. On June 13, he notified counsel that the case was close to trial and directed them to advise their witnesses to be ready. On June 14, the Clerk telephoned again informing counsel that the case would be tried either Monday afternoon, June 17, or Tuesday morning, June 18, and that he would notify them of the definite trial time on Monday morning, June 17.

On Monday, June 17, at about 11:15 A.M., the Clerk again telephoned and directed counsel to appear at 2:15 P.M. Counsel appeared at that time. When the case was called, plaintiff's counsel answered "plaintiff here." A jury was then impanelled. Plaintiff's counsel then asked for a continuance because neither plaintiff nor any of his witnesses were in Court. The request was denied, and on defendant's motion the case was dismissed for failure to prosecute.

It appears from the affidavits of plaintiff and his counsel that plaintiff knew on Friday, June 14, that the case would be tried on the following Monday afternoon or Tuesday morning. Plaintiff even appeared at his counsel's office with a witness on Monday morning. At 11:00 o'clock that morning, counsel told plaintiff to call at 4:30 P.M. to check further on the case. Plaintiff then left. After he left, the Clerk telephoned directing counsel to proceed to trial that afternoon. Counsel's attempts to reach plaintiff were unavailing. When plaintiff did call his counsel at 4:30 P.M., he was informed that his case had been dismissed.

Addressing his application to the Court's discretion, plaintiff seeks reinstatement of his action to the Trial Calendar. He states that his "attorneys made a mistake" in telling him to leave for the day. His counsel asserts that the dismissal resulted from "a mistake in the understanding of counsel."

The question which we must decide is whether plaintiff should be deprived of his day in Court. Clearly plaintiff was not at fault here. He was, unfortunately, at the mercy of his attorneys. Dismissal now would force plaintiff to institute another action, this time for malpractice, to seek compensation indirectly for injuries allegedly suffered almost six years ago. This second action, with all of its inherent delay, would be a poor reward for the diligence which plaintiff showed in appearing with witnesses at the appropriate times and in following his counsel's instructions. A second action would also waste all of the preparation for this trial.

Nevertheless, it cannot be gainsaid that the failure of this case to proceed to trial when reached caused needless inconvenience and expense to the defendant and to the public. We find a "mistake" in the understanding of counsel incredible and inexcusable in the circumstances shown here.

Under the Calendar Rules of this Court, when a case is on the Ready Day Calendar, it may not be adjourned except for good cause arising after it has been published. Calendar Rule 7(b). Once a case is on that calendar, it must be ready to proceed to trial on 24 hour telephonic notice to the attorneys. When a case has reached this status, the attorneys shall be considered on actual notice by publication of the case in the New York Law Journal. Calendar Rule 6(d). If, for some reason, such as engagement or illness of counsel, unavailability or illness of witnesses, the case cannot proceed to trial on 24 hour telephonic notice, an application must be made to the Part I Judge, who will then make whatever disposition is necessary

in the interest of justice. Attorneys who fail to apply to the Part I Judge and who are unable to proceed to trial when assigned are subject to sanctions. Calendar Rule 7(b) (1).

The rules further provide that when a trial part is, or is about to be, disengaged, the deputy clerk for calendars shall notify the attorneys of record in the next cause on the Ready Day Calendar by telephone to report in a designated trial part, in such manner that they will have reasonable opportunity to reach there in time. The responsibility for the appearance of attorneys, parties and witnesses in Court in readiness for trial is on the attorneys of record and not on the Court or deputy clerk for calendars. Calendar Rule 8(b). After assignment to a trial part, applications for adjournment are made to the trial judge and are granted where good cause for adjournment has arisen after the assignment to a trial part. Calendar Rule 7(c).

█ Surely the Clerk did far more than was required to alert plaintiff's attorneys as to their position on the calendar. They had all of the notice which could possibly be given. There was no room, save negligence or indifference, for any misunderstanding or "mistake" as to when this action would be reached for trial. There was no good cause for adjournment. Plaintiff's counsel failed to meet their responsibility to be ready to proceed to trial.

█ We find that plaintiff's attorneys flagrantly violated each of the above Calendar Rules of this Court. Their utter disregard of the Court's directions and of their responsibility to their client and to the Court has obstructed the effective administration of the Court's business, not to mention unnecessarily burdening the Court with the selection of the jury, delaying commencement of the next cause ready for trial, and taking the Court's time with the instant motion.

In the circumstances shown here, Rules 16(b) and 16(c) of the Calendar Rules of this Court provide either for dismissal or the imposition of costs as sanctions for violation of the rules. If ever there were a case for applying the sanctions directly against the attorneys this is it. Considering all of the facts and circumstances, we think plaintiff should not be penalized but that the rules should be enforced by imposing sanctions directly against offending counsel personally. Appropriate sanctions here are payment of costs and attorney's fees "to the opposing party, as an alternative to the drastic remedy of dismissal." Schwarz v. United States, 384 F.2d 833, 836 (2 Cir. 1967); Calendar Rule 7(b) (1).

The affidavit of defense counsel in opposition to this motion shows that defendant incurred direct expenses for transporting and maintaining witnesses, for lost time of a doctor who was obliged to cancel his other appointments, for the service of subpoenas, and for photostating of original medical charts in the total amount of $168.57. In addition to these direct expenses, defendant necessarily incurred counsel fees in the amount of $250.00 for more than six hours actually spent in preparation for trial from Thursday, June 13, through Monday, June 17. We find that the amount of these expenses is proper, fair and reasonable and that the loss thus incurred should fall not on the innocent defendant but upon the parties at fault.

We therefore direct plaintiff's attorneys, Sachs and Spector, to pay within ten (10) days the amount of $418.57 to the defendant without reimbursement from, or other recourse to, their client, the plaintiff, directly or indirectly. The Clerk of the Court is directed to vacate the judgment of dismissal and to restore the case to the trial calendar.

So ordered.