SINVA, INC., Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH, INCORPORATED,
Defendant.

No. 65 Civ. 1566.

United States District Court
S. D. New York.

Dec. 12, 1969.

See also D.C., 253 F.Supp. 359.

Jackson, Nash, Brophy, Barringer &
Brooks, New York City, for plaintiff;
John G. Lipsett and Robert W. Cinque,
New York City, of counsel.

Brown, Wood, Fuller, Caldwell &
Ivey, New York City, for defendant;
Richard Conway Casey, New York City,
of counsel.

## MEMORANDUM

MacMAHON, District Judge.

Plaintiff's motion for a new trial is grounded on this court's denial of an application for postponement of the trial and our dismissal of the claims based on the Securities Act.

The facts material to the application for postponement are fully and accurately set forth in the affidavit of Richard Conway Casey, sworn to December 1, 1969, submitted in opposition to the motion, and we adopt that statement of facts as though fully set forth in this memorandum. Suffice it to say that although this case was on the ready calendar from October 7, 1969 and ap-

peared as the second case in the list published every day in the Law Journal, plaintiff made no application whatever before the calendar judge to adjourn the trial or to remove the case from the ready calendar, as the rules of this court require. See Calendar Rules 3, 6(D), 7(b) (1). The same rules require that, once a case is on the ready calendar, it must be ready to proceed to trial on 24 hours' telephonic notice. Instead of making the required application, plaintiff waited until after the case had been assigned out for trial and placed in the trial pool. At that stage, applications for adjournment must be made to the trial judge, and the rules require a showing that *"good cause for adjournment has arisen after assignment"* for trial. Calendar Rules 7(c), 8(b).

The application made no showing of any circumstance intervening after the assignment for trial but was grounded on the claimed business inconvenience of Mr. Sepe's coming to New York for trial. This is patently an insufficient reason for an adjournment once a case has been assigned out for trial. It must be borne in mind that, at that stage, the wheels were set in motion not only for trial of the instant case but for a group of cases lined up to follow. If the wheels are stopped, all movement of the calendar stops, and the judge and jury are left idle until the next case is ready for trial. It is extremely difficult, if not impossible, because of the unexpected gap in the calendar, to get the next case ready for trial without undue harassment of counsel, parties and witnesses. As a result, postponement of trial, once a case is in the trial pool, causes unreasonable gaps in the calendar with unjustified expense to the public and unnecessary inconvenience and delay to other litigants awaiting trial.

This case was four years old and had been tried before, but the jury disagreed. The prior testimony of Mr. Sepe was available and could be used at the second trial.[1] Mr. Sepe's testimony by deposition was also available.[2] We permitted use of both upon the trial.

We think, for the foregoing and other reasons which we have stated many times,[3] that the interest of justice, both in this four-year old case and in all the other 12,535 civil and 1,650 criminal cases pending in this court as of October 3, 1969, compelled the denial of plaintiff's tardy and frivolous application for a postponement of the trial.

As to plaintiff's second ground, the claims under the Securities Act were properly dismissed. There was not the slightest evidence that any of the commodity futures transactions in issue were executed on any exchange in the United States. Rather, the transactions were between foreigners, were made in France or in Italy and were executed on the London exchange. The Securities Act was therefore inapplicable.[4] Two other judges of this court were of the same view, and, while there is no doctrine of law of the case in federal jurisprudence, the views of brother judges are entitled to weight.

Finally, it would have added nothing of substance and much to confusion if the claims under the Securities Act were submitted to the jury. If anything, plaintiff fared far better under

1. See United States v. Bentvena, 319 F.2d 916, 941 (2d Cir. 1963).

2. See Davis v. United Fruit Co., 402 F.2d 328 (2d Cir. 1968).

3. See Maiorani v. Kawasaki Kisen K. K.: Kobe, 65 Civ. 3169 (S.D.N.Y., June 4, 1969); Sacharow v. Vogel, 66 Civ. 1468 (S.D.N.Y., May 22, 1969); Vitarelle v. Long Island R. R., 45 F.R.D. 474 (S.D. N.Y.1968), aff'd, 415 F.2d 302 (2d Cir. 1969); Schneider v. American Export Lines, Inc., 293 F.Supp. 117 (S.D.N.Y. 1968); Peterson v. Terminal Taxi, Inc., 45 F.R.D. 349 (S.D.N.Y.1968); Quagliano v. United States, 293 F.Supp. 670 (S.D.N.Y.1968).

4. 15 U.S.C.A. § 78dd(b); Kook v. Crang, 182 F.Supp. 388 (S.D.N.Y.1960).

the broad issues of breach of the fiduciary duty of good faith which was presented to the jury. The error, if any, in dismissing these claims was harmless.

Accordingly, the motion to set aside the verdict of the jury, vacate the judgment for defendant entered on November 12, 1969, and grant a new trial is in all respects denied.

So ordered.