447 F.2d 540
 1507 CORPORATION, Plaintiff (Appellant in No. 18347; Appellee in Nos. 18345, 18346),
v.
Henry HENDERSON, Defendant (Appellant in No. 18345; Appellee in No. 18347), and
Ruth Henderson, Appellant in No. 18346.
 Nos. 18345-18347.
 United States Court of Appeals, Seventh Circuit.
 July 21, 1971.
 
 James F. Laneville, Wyckoff, N. J., is on brief, for 1507 Corporation.
 Henry G. Henderson, F. B. Sowle, Minneapolis, Minn., for Henry Henderson.
 Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and CAMPBELL, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 These appeals are from post-judgment orders entered by the district court in two related actions.[2]
 
 A brief summary of both actions follows:
 
 2
 Defendant Henry Henderson agreed by land contract to buy a hotel from plaintiff 1507 Corporation, then Tower House, Inc., in November, 1965. The purchase price was $175,000. $25,000 thereof consisted of the down payment and three other installments; $33,436.07 thereof was to be paid in monthly installments beginning August 1, 1966; Mr. Henderson assumed an existing mortgage which presumably represented the balance. Mr. Henderson signed a note for the $33,436.07.
 
 
 3
 Civil action No. 67-C-20(S) was brought by 1507 Corporation for specific performance or foreclosure of the land contract. Both Mr. and Mrs. Henderson were defendants. Mrs. Henderson was not a party to the land contract, but was joined as a defendant so that judgment barring her dower right could be obtained. After dismissal of counterclaims, judgment was entered February 24, 1968, directing sale of the premises upon Mr. Henderson's failure to pay the total sum due the corporation, and barring all interests of the Hendersons in the property, if sold.
 
 
 4
 Mr. Henderson was not only in default in his obligations to pay sums to plaintiff, but had failed to pay the prior mortgage debt and judgment of foreclosure had been entered in an action brought by the mortgagee. The period of redemption expired, and on May 4, 1968, the property was sold under that judgment. Presumably because of that sale, the district court does not appear to have proceeded further with the sale it had ordered under the land contract. Mr. Henderson made several applications for amendment or re-opening of the judgment, but all were denied. An appeal from one of the denials was dismissed by this court April 14, 1969 because the appeal was not timely. Any doubt that the judgment entered February 24, 1968 adjudicated all the claims in the action and was final and appealable is dispelled by the treatment accorded it by the parties and subsequent findings and orders of the district court.
 
 
 5
 In civil action No. 67-C-21(S), 1507 Corporation sought judgment on the promissory note. The note was signed only by Mr. Henderson, and the judgment was awarded only against him, although some of the papers in the voluminous record suggest that Mrs. Henderson may at some time have been added as a defendant in the action.
 
 
 6
 Judgment in favor of 1507 Corporation was entered January 15, 1968. A receiver was appointed January 21, 1969. The receiver collected enough money to satisfy the judgment in 67-C-21(S) and on November 19, 1969 the district court ordered distribution of the funds, first to pay the fees and expenses of the receiver, then to satisfy the judgment on the note ($38,230.71), and then to pay any balance to Mr. Henderson.
 
 
 7
 We describe each appeal and disposition thereof as follows:
 
 
 8
 No. 18,345: Mr. Henderson appealed from an order entered November 17, 1969 in 67-C-20(S) denying his motion to compel plaintiff to deliver a warranty deed. (A like order was entered in 67-C-21(S).) The theory of his motion must be that upon collection by the receiver of enough to satisfy the judgment on the note, Mr. Henderson had made full payment according to the land contract and was entitled to a warranty deed. The fatal gap in his theory is that he had failed to pay the assumed mortgage debt and this default had deprived 1507 Corporation of its ability to convey. The order appealed from was clearly correct.
 
 
 9
 In the course of the appeal Mr. Henderson attempted to argue the merits of the decisions against him on his defenses and counterclaims. He lost his right to appellate review of those decisions when he failed to appeal from the final judgment.
 
 
 10
 No. 18,346: Mrs. Henderson appealed from an order entered November 17, 1969 in 67-C-21(S), denying a motion she had filed November 6, 1969. She had asked for a decree reciting that the note in suit "is not a note which Mrs. Henderson signed at any time." As already stated the note in suit was signed only by Mr. Henderson and the judgment awarded recovery only from him. If Mrs. Henderson was not a party to the action, her appeal should be dismissed for that reason. In any event her appeal is frivolous and will be dismissed.
 
 
 11
 No. 18,347: 1507 Corporation appealed from an order in 67-C-21(S) denying its motion for "special costs," allegedly based on 28 U.S.C. § 1927.
 
 
 12
 That section provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs." The section is entitled "Counsel's liability for excessive costs."
 
 
 13
 At all stages Mr. Henderson had conducted these cases on his own behalf, without counsel.
 
 
 14
 Plaintiff 1507 Corporation sought recovery from Mr. Henderson of $15,900 for fees and disbursements of its attorney. Both in the district court and here plaintiff relied entirely on § 1927 as authority for such allowance.
 
 
 15
 About half the amount was allegedly incurred in defending plaintiff against claims raised by Mr. Henderson in other courts. As stated in plaintiff's motion: "After the present case [67-C-21(S)] and a related case were pending in this Court, as a result of their removal to this Court by the defendant, the defendant, while actively proceeding in this Court, caused the same matters which were the subject matter of these actions to be raised in pleadings filed in three other courts of original jurisdiction and in two courts of appeal."
 
 
 16
 The other half of the attorneys' fees and expenses were allegedly incurred in proceedings to collect plaintiff's judgment, made necessary by defendant's unreasonable and vexatious conduct in an effort to avoid collection.
 
 
 17
 There is no dispute but that the district court allowed plaintiff all items of costs authorized by 28 U.S.C. §§ 1921, 2, and 3, and no issue has been raised concerning such allowances.
 
 
 18
 The district court concluded that § 1927 does not authorize ordering recovery of costs from a party, but only from an attorney or otherwise admitted representative of a party. We agree. In our opinion the section does not deal with the question of the nature or amount of costs to be allowed, but authorizes imposition of otherwise allowable costs on counsel personally in place of the party for whom he appeared where the circumstances mentioned in the section have occurred.
 
 
 19
 As succinctly put by another court, the section "merely authorizes the taxing of such excess of costs as arose from unreasonable and vexatious conduct of an attorney, to the attorney himself, as opposed to his client, and does not create any penalty in favor of the prevailing party, nor does it sanction the taxing of any additions over regular costs."[3]
 
 
 20
 Other decisions are consistent with the foregoing construction of the section:
 
 
 21
 Motion Picture Patents Co. v. Steiner (C.C.A. 2d, 1912), 201 F. 63; Toledo Metal Wheel Co. v. Foyer Bros. & Co. (C.C.A. 6th, 1915), 223 F. 350, 358; Bone v. Walsh Const. Co. (S.D.Iowa, 1916), 235 F. 901; Brislin v. Killanna Holding Corporation (2d Cir., 1936), 85 F.2d 667, 671; Weiss v. United States (2d Cir., 1955), 227 F.2d 72, cert. den. 350 U.S. 936, 76 S.Ct. 308, 100 L.Ed. 817; Miles v. Dickson (5th Cir., 1967), 387 F.2d 716; Kiefel v. Las Vegas Hacienda, Inc. (7th Cir., 1968), 404 F.2d 1163, 1166, cert. den. Hubbard v. Kiefel, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221.
 
 
 22
 It follows that § 1927 is wholly irrelevant in this case, and that it neither adds to nor detracts from the nature or amount of costs which the court could order Mr. Henderson to pay.
 
 
 23
 Although the district court found § 1927 inapplicable, and rejected the claim which plaintiff based upon it, the court found that Mr. Henderson had in fact multiplied the proceedings and that his conduct had been vexatious and unreasonable. The court remarked that if it were within the court's "statutory powers to grant these special costs * * * I certainly would."
 
 
 24
 It is the general rule "that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor," but the rule is subject to limited exceptions.[4]
 
 
 25
 This case does not fall within any recognized specific exception, but there is authority that "In exceptional circumstances, however, where the behavior of a litigant has reflected a willful and persistent `defiance of the law,' a court of equity has the power to charge an adverse party with plaintiff's counsel fees as well as court costs. * * * Such awards, however, are clearly reserved for exceptional cases."[5]
 
 
 26
 We are not prepared to hold that wilful and vexatious tactics of obstruction of justice, similar to those with which Mr. Henderson is charged, could never be a proper foundation for a recovery of attorney's fees necessarily incurred in overcoming them, and we have considered whether it would be appropriate, in view of the district court's remarks, to remand for consideration whether this case calls for such recovery. In view of plaintiff's preoccupation, however, with a wholly irrelevant statute and its failure to present the proposition to the district court or here that the use of inherent equitable power is appropriate, we decline further to burden the district court.
 
 
 27
 Appeal No. 18,346 is dismissed. The orders appealed from in Nos. 18,345 and 18,347 are affirmed. Plaintiff is allowed its costs in all three appeals.
 
 
 
 Notes:
 
 
 [1]
 Honorable William J. Campbell, Senior District Judge, Northern District of Illinois, is sitting by designation
 
 
 [2]
 Jurisdiction is founded on diversity
 
 
 [3]
 In re Realty Associates Securities Corporation (E.D.N.Y.), 1943, 53 F.Supp. 1013
 
 
 [4]
 Fleischmann Distilling Corp. v. Maier Brewing Co. (1967), 386 U.S. 714, 717-718, 87 S.Ct. 1404, 18 L.Ed.2d 475; Mills v. Electric Auto-Lite (1970), 396 U.S. 375, 391, 90 S.Ct. 616, 24 L.Ed.2d 593
 
 
 [5]
 Kahan v. Rosenstiel (3d Cir., 1970), 424 F.2d 161, 162. See: 6 Moore's Federal Practice ¶ 54.77 [2] p. 1352; Anno: Right to Counsel Fees in Federal Court, 8 L.Ed.2d 894, 912; Hill v. Franklin County Board of Education (6th Cir., 1968), 390 F.2d 583, 585; Bell v. School Board of Powhatan County Virginia (4th Cir., 1962), 321 F.2d 494; Rolax v. Atlantic Coast Line R. Co. (4th Cir., 1950), 186 F.2d 473, 481. See also discussion in Walker v. Columbia Broadcasting System, Inc., 7th Cir., 1971, 443 F.2d 33