Mohamed ALI and Nadia Ali,
Plaintiffs-Appellants,

v.

A & G COMPANY, INC. and Saadi
Ibrahim, Defendants-Appellees.

Nos. 1166, 1420, Dockets 76–7040, 76–7186.

United States Court of Appeals,
Second Circuit.

Argued June 14, 1976.

Decided Sept. 29, 1976.

---

Scott Mollen, New York City (Harry H. Lipsig, P. C., New York City, of counsel), for plaintiffs-appellants.

Asher Marcus, New York City (Leahey & Johnson, New York City, of counsel), for defendant-appellee A & G Co., Inc.

Norman C. Harlowe, New York City, for defendant-appellee Saadi Ibrahim.

Before SMITH, MANSFIELD and OAKES, Circuit Judges.

MANSFIELD, Circuit Judge:

In this diversity suit for personal injuries in the Southern District of New York, Judge Lloyd F. MacMahon, at a pretrial conference of the parties on October 17, 1975, directed that discovery be completed by December 17, 1975, and the case be placed on his ready trial calendar on January 9, 1976. An order signed by the judge and all counsel was entered accordingly, which provided that following the addition of the case to the ready calendar on January 9, 1976, the parties should be ready for trial on short telephonic notice and that failure to comply might "result in the court's taking appropriate steps to terminate the action."

On January 8, 1976, well after discovery was supposed to have been finished and only one day before the case was to go on the ready trial calendar, counsel for plaintiffs-appellants requested that trial be delayed because he had not yet completed discovery. The court refused this request, and the case appeared on the ready trial calendar the next day. When the case came to trial on January 14, 1976, appellants' counsel advised the court that neither the attorney who was to try the case nor appellants were available. The court then dismissed the case with prejudice for lack of prosecution and later denied appellants' motion to vacate that dismissal. We affirm.

■ Dismissal of a case for failure to prosecute lies within the discretion of the district court. *Taub v. Hale*, 355 F.2d 201 (2d Cir.), *cert. denied*, 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 *rehearing denied*, 385 U.S. 924, 87 S.Ct. 225, 17 L.Ed.2d 148 (1966). Here appellants and their counsel were guilty of three separate delinquencies. First, they failed to advise the court of the problem caused by the defendants' failure to submit to discovery until the eve of trial, long after the date by which discovery was supposed to have been completed. Under Rule 37, F.R.Civ.P., it was appellants' responsibility to raise the defendants' lack of cooperation in discovery prior to December 17, 1975. Had a timely motion been made, the court might have entered an appropriate order against the defendants and, if they failed to comply, enforced sanctions against them or adjourned trial. But the failure of appellants' counsel to move until the time when the case was actually to be tried placed the court in an intolerable position.

■ Secondly, although the trial date was known well in advance and appellants should have arranged their affairs so as to be available for trial, they failed to do so. Lastly, their trial counsel, with similar notice of the trial date, also failed to appear. It is no defense that one of the defendants and his counsel failed to appear at trial. Had appellants appeared at trial, they could have moved for a default judgment against the defendant that did not. The Federal Rules of Civil Procedure should not be construed to render a district court helpless in the face of delays and delinquencies on the part of all parties to a case.

■ Our affirmance is not to be construed as a blanket approval of the practice of automatically dismissing a complaint

with prejudice for the plaintiff's failure to appear at trial, as is indicated by the form order used by the trial judge in the present case. The sound exercise of discretion requires the judge to consider and use lesser sanctions in the appropriate case. Here, however, the combination of three different delinquencies on the part of appellants and their trial counsel presented an unusually egregious case in which Judge MacMahon did not abuse his discretion in dismissing the action with prejudice.

Affirmed.

OAKES, Circuit Judge (dissenting):

I dissent.

As the majority opinion persuasively demonstrates, the trial judge in this case had the ultimate discretionary authority to dismiss for lack of prosecution and, perhaps, the factual predicate for exercising that authority, had lesser sanctions been considered and rejected with cause. I believe, however, that dismissal of an otherwise meritorious cause of action for the misconduct of counsel is rarely, if ever, an appropriate remedy in cases of this kind. Rather, the trial court should first consider the more specific and perhaps even more deterrent remedy of imposing costs personally on the offending attorneys. Imposing a penalty on those responsible for wasting the court's time, while not dismissing a party's potentially valid claim, seems to me to make the punishment better fit the crime, especially where, as here, the opposing party and its counsel have been equally neglectful of their obligations to the court.

The power to impose costs on attorneys as a disciplinary measure is a well-settled, if perhaps infrequently used, facet of a court's inherent authority over the attorneys who practice before it. *See* Note, *Civil Procedure—Power of Federal Courts to Discipline Attorneys for Delay in Pretrial Procedure*, 38 Notre Dame Law. 158, 161–66 (1963); Note, *Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litiga-* *tion*, 72 Yale L.J. 819, 829–32 (1963). Courts in this circuit have imposed costs on counsel both under their inherent power and under a complementary federal statute, 28 U.S.C. § 1927. *See Bardin v. Mondon*, 298 F.2d 235 (2d Cir. 1961); *Motion Picture Patents Co. v. Steiner*, 201 F. 63 (2d Cir. 1912); *Schneider v. American Export Lines, Inc.*, 293 F.Supp. 117 (S.D.N.Y.1968) (MacMahon, J.); *Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y.1965) (MacMahon, J.), *Austin Theatre, Inc. v. Warner Bros. Pictures, Inc.*, 22 F.R.D. 302 (S.D.N.Y.1958); *In re Realty Associates Securities Corp.*, 53 F.Supp. 1013 (E.D.N.Y.1943).[1] The costs may be imposed for negligent or reckless action by an attorney that wastes the court's time and increases the expenses of the court or the opposing party. *See Bardin v. Mondon, supra*, 298 F.2d at 237–38. *But see Gamble v. Pope & Talbot, Inc.*, 307 F.2d 729 (3d Cir.) (en banc), *cert. denied*, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962).

If a district court finds the lesser remedy inadequate in a given case, or finds that the client was an active participant in or instigator of his attorney's misconduct, the court clearly has the ultimate authority to dismiss the case. But I would hold that the court must first make a finding that the lesser sanction is inadequate under the circumstances. Only then should the sins of counsel be visited upon the client in an otherwise meritorious and substantial cause. Such a rule would allow me to resist the temptation to ask with Jeremy Bentham

> whether justice be a thing worth having, or no? and if it be, at what time is it desirable that litigation should be at an end? after justice is done, or before?

J. Bentham, *Rationale of Judicial Evidence*, in 7 Works of Jeremy Bentham 172 (J. Bowring ed. 1843).

Since concededly no exploration of the alternatives was made by the court in this case—indeed, the trial court's form order makes provision for nothing short of Draconian dismissal—I would reverse and remand

---

1. The United States District Court for the Eastern District of New York has explicitly embodied this authority in Rule 8(b) of its Individual Assignment and Calendar Rules.

for a consideration of the feasibility of imposing costs on counsel for the appellants.