101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Larriel DIGGS, Plaintiff-Appellant,
v.
EASTMAN KODAK CO., Defendant-Appellee.
 No. 95-7867.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 APPEARING FOR APPELLANT: Larriel Diggs, pro se.
 APPEARING FOR APPELLEE:Todd R. Shinaman, Nixon, Hargrave, Devans & Doyle, Rochester, NY.
 W.D.N.Y.
 AFFIRMED.
 PRESENT: HON. ROGER J. MINER, HON. DENNIS G. JACOBS, HON. JOSE A. CABRANES, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was taken on submission.
 Plaintiff-appellant Larriel Diggs appeals pro se from a judgment entered on August 4, 1995 in the United States District Court for the Western District of New York (Larimer, J.) dismissing his Title VII complaint for failure to comply with a court order and for failure to prosecute the action.
 
 
 1
 On February 10, 1992, Diggs, an African-American male, filed an employment discrimination suit against his employer, Eastman Kodak Company ("Kodak"), alleging that it took various adverse actions against him, eventually resulting in his termination, based on his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Diggs filed an amended complaint on April 8, 1992.
 
 
 2
 On January 14, 1993, Kodak moved for a Rule 12(c) judgment on the pleadings. On April 12, 1993, Diggs filed a letter with the district court opposing Kodak's motion. On April 20, 1993, Diggs filed another letter with the court, describing the hardships he had endured as a result of Kodak's alleged actions. On August 17, 1993, the district court denied Kodak's motion for judgment on the pleadings. However, the court ordered Diggs to file an amended complaint within 30 days of the entry of the order, and stated that failure to file an amended complaint would result in dismissal of the action. In addition, the court ordered Diggs to attach copies of all charges he had filed with the New York State Division of Human Rights, any orders resulting from those charges, and any Equal Employment Opportunity Commission determinations so that the court could determine the proper scope of the amended complaint. Diggs did not file an amended complaint or any documents in response to this order.
 
 
 3
 Almost a full year after the August 17th order, on August 3, 1994, the district court issued an order to show cause why the action should not be dismissed for failure to prosecute. On September 2, 1994, Diggs wrote a letter to the district court, requesting an extension of time due to his continuing physical and emotional problems. After another year elapsed, Kodak moved on July 27, 1995 for dismissal of the action on the ground that Diggs had failed to file the required amended complaint. There is no indication that Diggs responded to this motion. On August 4, 1995, the district court dismissed the complaint for failure to comply with the court's August 17, 1993 order and for failure to prosecute the action.
 
 
 4
 On appeal, Diggs argues that the district court erred in dismissing his action. We disagree. A district court has the authority under Fed.R.Civ.P. 41(b) to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir.1995). In determining whether the district court abused its discretion in dismissing a complaint for failure to prosecute, we examine the following factors: whether the plaintiff received notice that delays would result in dismissal, the duration of the plaintiff's failures, prejudice to the defendant, whether the court properly considered the balance between alleviating calendar congestion and protecting the plaintiff's right to due process, and whether the court adequately assessed the efficiency of lesser sanctions. Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir.1994).
 
 
 5
 We think that the district court properly dismissed the complaint in the present case. Diggs acknowledges that he failed to comply with the court's order and that the court was "lenient" with him. Moreover, Diggs was provided with proper notice of possible dismissal by the district court's August 17, 1993 order, which warned him that failure to provide an amended complaint would result in dismissal, and by the order to show cause issued on August 3, 1994. Despite these two warnings by the district court, and the passage of two years in which Diggs could have filed an amended complaint and the additional documents requested by the court, he failed to do so. We have upheld dismissals for failure to prosecute in less egregious circumstances than in the present case. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir.1980); Ali v. A & G Co., 542 F.2d 595, 596 (2d Cir.1976).