18-1668-pr
*Lewis v. Frayne, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
          CHRISTINA REISS,
                    *District Judge.*[*]

---

KACEY LEWIS,

                    *Plaintiff-Appellant,*                    18-1668-pr

          v.

DR. MARK FRAYNE, M.D., DR. GERARD GAGNE, JR., M.D., DR. ROBERT BERGER, M.D.,

                    *Defendants-Appellees,*

JOHN DOE, I, JOHN DOE, II,

                    *Defendants.*

---

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**  Kacey Lewis, *pro se*, Newton, CT.

**FOR DEFENDANTS-APPELLEES:**  Terrence M. O'Neill, Assistant Attorney General *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a May 17, 2018 judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Kacey Lewis, *pro se*, sued three doctors employed by the Connecticut Department of Corrections ("DOC") under 42 U.S.C. § 1983, alleging that they medicated him without consent in violation of the Eighth and Fourteenth Amendments. The District Court granted summary judgment in favor of Lewis on the Fourteenth Amendment claim, but denied his motion under the Eighth Amendment claim. On the morning trial was scheduled to begin, Lewis refused to proceed, alleging that he was transferred to a Hartford jail right after the jury had been selected and denied access to his legal paperwork and showers as a result. Concluding that Lewis had been given opportunities to access his legal paperwork and showers, the District Court later rescheduled the trial. Once again, on the day jury selection was to occur, Lewis refused to proceed, alleging that DOC placed him in the restrictive housing unit ("RHU") a week prior to jury selection for failing to follow a correction officer's order. Because he was in the RHU, he allegedly could not gain access to his legal documents and eyeglasses to prepare for trial.

The District Court held a hearing on whether it should dismiss the case under Federal Rule of Civil Procedure 41(b) based on Lewis's refusal to proceed. The defendants offered evidence that Lewis could have had his documents and eyeglasses, but never requested them, and Lewis did not rebut this evidence. The District Court determined that the case should be dismissed based on this evidence, the prejudice caused by Lewis's behavior, and the fact that no lesser sanction would be appropriate. It awarded nominal damages on the Fourteenth Amendment claim. Lewis appealed. Although the District Court granted Lewis free transcripts for the proceedings relevant to his appeal, he moves for transcripts in this Court. He also moves to supplement the record on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Merits

We review dismissals pursuant to Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

"It is beyond dispute under our precedent that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial." *Lewis*, 564 F.3d at 580 (internal quotation marks omitted). When a court is considering dismissing a case for failure to proceed with a trial in which a jury has been sworn, we consider whether (1) the district court should have granted an adjournment of the trial and (2) dismissal, after denying the adjournment, was appropriate in light of the plaintiff's failure to proceed. *Id.* at 577. The district court must consider if the party requesting the continuance has offered a "strong justification" for the request. *Id.* Further, when considering if dismissal was appropriate, the district court should consider if the refusal was arbitrary or unreasonable and explore options other than dismissal. *See id.* at 580–82.

In other instances of failure to prosecute, such as a failure to appear for a hearing, we examine a dismissal for failure to prosecute using five factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No single factor is dispositive and we review "the dismissal in light of the record as a whole." *Id.* (internal quotation marks omitted). Here, under either standard, the District Court did not abuse its discretion by dismissing Lewis's case.

Although this case involved Lewis's refusal to go forward on a second occasion, the jury had not yet been selected or sworn. Accordingly, the District Court properly considered both the *Lewis* and *Drake* factors. *See Lewis*, 564 F.3d at 582–83 (considering *Drake* factors in addition to whether the plaintiff offered a strong justification for the delay). Further, the District Court did not clearly err in its factual findings. The defendants presented evidence that Lewis had the ability to obtain both his legal work and his eyeglasses while housed in the RHU, but failed to request them. Lewis also

3

could have written to the District Court during his confinement to advise the court of the issue and that he would not be prepared for trial. Lewis failed to offer any evidence contradicting the defendants' witnesses. Lewis therefore did not offer a strong justification for his request for an adjournment. *See Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir. 1976) (affirming dismissal of case for lack of prosecution at trial where appellants failed to timely raise discovery issue until the eve of trial and asked for continuance to complete discovery).

Lewis was also aware that dismissal was a possibility because his case had already been dismissed once for the same reason. The District Court correctly pointed out that Lewis had two opportunities to go to trial, but refused to proceed both times. Further, Lewis's request for an adjournment could not be fulfilled, given the District Court's trial schedule. Any adjournment would have resulted in a delay of months. Lastly, the District Court's conclusion that Lewis was indigent and not likely to be deterred by lesser sanctions was not erroneous. Lewis was proceeding *in forma pauperis*, and had already failed to proceed twice. In sum, Lewis's refusal to proceed was unreasonable in light of the evidence presented and created additional delay and congestion in the court's trial calendar. We identify no abuse of discretion in the District Court's decision to dismiss the case.

## II.     Motions to Supplement the Record and for Free Transcripts

Lewis moves to supplement the record on appeal with a corrected transcript of the December 15, 2016 hearing. We deny this motion as moot. The original written transcript entered on the District Court docket contains a page where Lewis says "What the fuck is that." Lewis wants this line replaced with "unintelligible." However, a second version of the transcript was entered on the District Court docket that includes the changed line. Because a corrected version of the transcript has already been entered on the District Court docket, we need not supplement the record on appeal.

Lewis also moves again for transcripts for hearings that occurred on June 17 and 21, 2016, December 7 and 15, 2016, January 3, 2017, September 12, 2017, and May 1 and 7, 2018. We deny this motion. The transcripts for hearings dated December 15, 2016, January 3, 2017, September 12, 2017, May 1, 2018, and May 7, 2018 have been provided. An audio recording of the September 12, 2017 hearing was previously provided, and Lewis claims he could not listen to the recording and that his copy of the CD was recently confiscated. However, the District Court has now provided a transcript version.

Lewis's other requests are also meritless. There was no hearing on December 7, 2016. The District Court record has no entry for any proceeding on June 17, 2016. There were proceedings on June 21, 2016, but no transcript or recording was made. However, Lewis does not explain the relevance of this hearing to his appeal. He merely argues that the transcript would show a pattern of "interference and indifference by state agents." He does not explain what interference or

4

indifference he refers to. The motion is therefore denied. *See Jaffe v. United States*, 246 F.2d 760, 762 (2d Cir. 1957) (a litigant requesting free transcripts must provide more than "bare conclusions" to support his request); *see also* 28 U.S.C. § 753(f) (a party is entitled to free transcripts only when a trial or circuit judge certifies that "the appeal is not frivolous (but presents a substantial question)").

**CONCLUSION**

We have reviewed the remainder of Lewis's arguments and find them to be without merit. For the foregoing reasons, the May 17, 2018 judgment of the District Court is **AFFIRMED,** Lewis's motion to supplement the record on appeal is **DENIED** as moot, and Lewis's motion for free transcripts is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk