**UNIQUE CONCEPTS, INC. and Floyd M. Baslow, Plaintiffs,**

v.

**Kevin BROWN d/b/a Creative Walls, Templar and Now Shram, and World Plastics Extruders, Inc., Defendants.**

**No. 86 Civ. 2891 (MP).**

United States District Court, S.D. New York.

April 3, 1987.

Milgrim Thomajan & Lee P.C. by Samuel D. Rosen, New York City, for plaintiffs.

Kaplan, Thomashower & Landau by William J. Thomashower, New York City, for defendants.

## OPINION AND ORDER

MILTON POLLACK, Senior District Judge.

Defendants, by counsel William J. Thomashower, bring this motion for the imposition of sanctions against plaintiffs' counsel, Samuel J. Rosen, based on Rosen's allegedly abusive, disruptive, unreasonable, and dilatory behavior during Thomashower's deposition of plaintiff Floyd Baslow on December 30, 1986. For the reasons stated below, the motion for sanctions against Rosen will be granted.

### Background

This case has been marred from its inception by incivility and a consistent lack of cooperation between counsel. Counsel have burdened the Court with an avalanche of wasteful correspondence replete with inflammatory accusations by both sides, including descriptions of opposing counsel as "unctious," "deceitful," engaging in "shoddy practice," and "playing hard and fast with the rules." The Court attempted to put an end to these improper exchanges in a letter to Messrs. Thomashower and Rosen urging "an early cessation of the misconduct and a recognition that epithetical jurisprudence can be dealt with appropriately by the Court."

### The December 30 Deposition

The motion before the Court concerns perhaps the pinnacle of unreasonableness in this case to date. On December 30, 1986, Thomashower attempted to take the deposition of plaintiff Floyd Baslow, a principal of plaintiff Unique Concepts.

The Court has reviewed the transcript of the December 30 Baslow deposition attempt; it is hard to find a page on which Rosen does not intrude on the examination with a speech, a question to the examiner, or an attempt to engage in colloquy distracting to the examiner. Rosen's constant interruptions continue throughout the transcript; his silencing of the witness and obstructive demands for explanations from

the examiner rendered the deposition worthless and an exercise in futility.[1]

Defendant calculates that of the 147 pages of the December 30th deposition transcript, Rosen appears on 132 pages (91%) with statements other than an objection to the form of the question. Indeed, on practically every page Rosen interposes with a remark, an opinion, or speech lecturing the examiner.

The most outrageous obstructions by Rosen on December 30th were his abusive *ad hominem* attacks on opposing counsel conducting that examination. They include the following remarks by Rosen directed at the examiner:

"You are being an obnoxious little twit. Keep your mouth shut." (Tr. 23).

"You are a very rude and impertinent young man." (Tr. 114).

And when Thomashower cautioned Rosen that his conduct would result in a request to the Court for sanctions, Rosen countered:

"If you want to go down to Judge Pollack and ask for sanctions because of that, go ahead. I would almost agree to make a contribution of cash to you if you would promise to use it to take a course in how to ask questions in a deposition." (Tr. 34).

Additionally, Rosen delayed the deposition by boasting about his performance in other non-related litigation during a lengthy, irrelevant, and self-serving diatribe.

### Discussion

Rosen's conduct was harassing, wasteful, vexatious, and ruined the usefulness of the December 30th deposition. It was a sad and embarrassing display of unprofessionalism.

Rosen's attempt in his motion papers to justify his behavior as provoked is utterly non-compelling. This Court is convinced that Rosen's misconduct was in bad faith and rises to the level appropriate for sanc-

tions under 28 U.S.C. § 1927 and the inherent power of the Court.

Section 1927 imposes liability for excess costs caused by counsel in bad faith. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986). An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Section 1927 "is concerned only with limiting the abuse of Court processes." *Roadway Express v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980). The purpose of the statute is to "deter unnecessary delays in litigation," and the imposition of sanctions under § 1927 "is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986); *see Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1089 (2d Cir.1977) (sanctions in the form of personal liability for costs and fees authorized where "procedural motions or other actions [are] undertaken in bad faith, without justification or for an improper purpose, such as harassment or delay[.]").

Under the predecessor to section 1927 deposition costs have been imposed on an attorney whose disruptions of a deposition rendered it "futile and ineffective," and were "obnoxious to the orderly, reasonable, and proper conduct of an examination." *Toledo Metal Wheel Co. v. Foyer Bros. & Co.*, 223 F. 350, 358 (6th Cir.1915).

Apart from § 1927, "the inherent power of the court to supervise and control its own proceedings" permits the imposition of costs or attorneys' fees against a party for "commencing or for continuing an action in bad faith, vexatiously, wantonly or for oppressive reasons." *Oliveri*, 803 F.2d at

---

**1.** By letter to the Court on December 31, 1986, Thomashower requested that the Baslow deposition continue before the Court or a Magistrate.

The Court presided over a two and one-half hour continuation of the deposition on January 5, 1987.

1272. " 'Bad faith' may be found, not only in the actions that led to the lawsuit but also in the conduct of the litigation." *Id.; Hall v. Cole*, 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973).

Courts have drawn on their inherent authority to hold attorneys liable for the costs incurred by other parties due to discovery abuses. *See Austin Theatre v. Warner Bros. Pictures*, 22 F.R.D. 302, 304 (S.D.N.Y.1958) ($50 costs and expenses); *United Sheeplined Clothing Co. v. Arctic Fur Cap Corp.*, 165 F.Supp. 193, 194 (S.D.N.Y. 1958); *see also Ali v. A & G Co.*, 542 F.2d 595, 597 (2d Cir.1976) (Oakes, J., dissenting) ("The power to impose costs on attorneys as a disciplinary measure is a well-settled, if perhaps infrequently used, facet of a court's inherent authority over the attorneys who practice before it."); *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 352–54 (D.Conn.1981).

This Court finds that Rosen's conduct was undertaken in bad faith, intended to harass and delay, and reflected a willful disregard for the orderly process of justice. Sanctions are appropriate under § 1927 and the inherent power of the Court. Rosen's *ad hominem* attacks and long-winded interruptions were wasteful and entirely without just cause. Rosen destroyed the deposition and should be responsible for the excess waste and costs incurred as a result of his misconduct.

### *Disposition*

The witness, Floyd Baslow, is ordered to be re-examined on all claims. The deposition conducted was hopelessly flawed by improprieties; it does not represent a fair opportunity to make discovery, which is the right of the examiner.

Rosen, personally and without reimbursement from his client, is ordered to pay $693.25 to defendant in reimbursement for the transcript cost of the December 30, 1986 deposition and additionally is fined $250 to be paid into Court to the Clerk of the Court for contentious, abusive, obstructive, scurrilous, and insulting conduct in a Court ordered deposition. The payments herein directed shall be made within five business days hereof, and a certificate of compliance shall be filed with the Court.

Counsel are on notice that any repetition of the pervasive misconduct in Court ordered proceedings that has plagued this case will be dealt with as a contempt of Court.

The Baslow deposition shall be taken in the Courthouse with the Court present on a date promptly to be agreed upon by the parties convenient to the Court. The cut-off date of discovery heretofore fixed is set aside, but only for the purpose of conducting the deposition *ab initio* hereby ordered.

Plaintiffs' cross-motion for sanctions is denied.

SO ORDERED.